GULF, C. & S. F. RY. CO. v. PHILLIPS et al.
(No. 7030.)

(Court of Civil Appeals of Texas. Galveston. Jan. 14, 1916.)

1. RAILROADS ☞390—INJURY TO PERSON ON TRACK—DUTY OF ENGINEER.

The duty of a locomotive engineer to use all means within his power consistent with the train's safety to stop to avoid striking decedent, who was discovered sitting on the track, did not arise until, after seeing decedent, it was reasonably apparent to the engineer that decedent probably could not or would not remove himself from the track in time to avoid being struck.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1324, 1325; Dec. Dig. ☞390.]

2. RAILROADS ☞401—INJURIES ON TRACK—INSTRUCTION.

In an action against a railroad for a death on its track, where there was evidence that the engineer discovered decedent sitting on the track at a distance, instruction on discovered peril failing to state that defendant was not required to stop its train until it was reasonably apparent to the engineer that decedent probably could not or would not save himself was reversible error.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1382–1390; Dec. Dig. ☞401.]

Appeal from District Court, Burleson County; Ed. A. Sinks, Judge.

Action by Luella Phillips and others against the Gulf, Colorado & Sante Fé Railway Company. From a judgment for certain of the plaintiffs, defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, A. H. Culwell, and Jno. G. Gregg, all of Galveston, for appellant. A. B. Gerland and Jesse Garrett, both of Caldwell, for appellees.

McMEANS, J. Allen Phillips, while upon the railroad track of the Gulf, Colorado & Santa Fé Railway, was run over and killed by one of its trains, and this suit was brought by his children and heirs at law to recover damages sustained by them by reason of his death, upon the ground that the operatives of the train, after discovering the said Allen Phillips upon the track and his perilous situation, failed to use all the means at their command, consistent with the safety of the train, to stop the train before striking him, and that but for such failure the said Allen Phillips would not have been run over and killed. A trial before a jury resulted in a verdict and judgment for certain of the plaintiffs for the sum of $750, from which the defendant has appealed.

[1, 2] The evidence raised the issue of discovered peril, and on that issue the court in the first paragraph of its charge instructed the jury as follows:

"If you believe from a preponderance of the evidence * * * that the engine and train of the defendant company ran against and killed the said Allen Phillips, and that before such killing the engineer operating the engine of said train saw the said Allen Phillips sitting on or beside defendant's railway track, and that after he had discovered him to be a man failed to use all the means at his command consistent with the safety of the train to keep from running over the said Allen Phillips, and, had he so used all said means at his command to keep from running over him, that said train would have been stopped in time to have avoided striking him, and the accident would not have occurred, then you are instructed to return a verdict for the plaintiffs and assess their damages as hereinafter charged."

By its third assignment of error appellant complains that:

"The court erred in the first paragraph of its charge to the jury, because the same fails to instruct the jury that the defendant was not required to stop said train until it was reasonably apparent to the engineer that the deceased, Allen Phillips, would not remove himself to a place of safety."

Evidence was adduced at the trial from which the jury could reasonably have believed that the engineer saw the deceased when he was at a distance from him of 1,798 feet; that the deceased was sitting on one of the rails with his back toward the center of the track, his legs extended in the direction, he was facing, his arms lying across his knees, and his head hanging forward; that, if the engineer had then used all the means

at his command to stop the train, he could have stopped the same before reaching the deceased, and thereby have avoided running over him. It was not merely the discovery of the deceased upon the track that called forth the duty of the engineer to use all the means within his command consistent with the safety of the train to stop the train in order to avoid coming in contact with the deceased; that duty did not arise until after seeing the deceased upon the track it was reasonably apparent to the engineer that the deceased probably could not or would not extricate himself from his position of danger in time to avoid being struck. Higginbotham v. Railway, 155 S. W. 1028, and authorities cited. The court did not embrace in its charge this element in the rule of discovered peril, but, in effect, instructed the jury that plaintiff was entitled to recover if, after the engineer saw that the deceased was a man, he failed to use all the means at his command consistent with the safety of the train to keep from running over the deceased, provided that by the use of said means the train could have been stopped before running over him. We think that the omission of this element in the court's charge was affirmative error, and in view of all the evidence in the case requires a reversal of the judgment.

The appellant attempted to have the charge above mentioned corrected by requesting the court to give to the jury a special charge in this language:

"You are instructed that the only duty the operatives of defendant's train owed to the deceased was, after they discovered that he was a man, and that he could not and would not remove himself to a place of safety, to use all the means at hand consistent with the safety of the train to stop said train and avoid injuring him."

The refusal of the court to give the special charge is made the basis of appellant's second assignment of error. We think that the charge is inaccurate, and that the refusal to give it was not error. By its terms the jury were told that the duty to use all the means at hand to stop the train did not arise until the operatives discovered that the deceased would not or could not remove himself to a place of safety, which is equivalent to an instruction that the operatives must have known that the deceased would not or could not remove himself before the duty to try to stop by the use of the means at hand arose. In Higginbotham v. Railway, supra, this court, speaking through Chief Justice Pleasants, says:

"If the doctrine of discovered peril only applied when the operatives of a train were certain that the person injured was in peril of life and took no steps to save him when his injury could have been prevented, the necessary proof in every case which discovered peril is ground of recovery would show a case of murder or criminal negligence. Such proof is not necessary."

In Railway v. Munn, 46 Tex. Civ. App. 276, 102 S. W. 442, writ of error refused, former

Chief Justice Gill, speaking for the court, says:

"There are loose expressions in cases from courts of the highest authority which tend to support the contention that, in order to justify a recovery in such a case, the engineer must actually know that deceased will not leave the track. This is notably true in Railway v. Shetter, 94 Tex. 199, 59 S. W. 533, in which occurs the expression: '* * * A person walking negligently along a railway track in front of a moving train will surely be hurt unless the train stops or he gets out of the way. In a sense, he may be said to be in danger, but those controlling the train are not required to assume that by his negligent failure to act he will remain in danger. It is only when they realize that he cannot or will not get out of the way that the duty of averting the collision arises. * * *' One might infer from this that one who, in fact, saves himself at the last moment, was never, in fact, in peril, and that until the engineer knows that one cannot or will not leave the track in front of his moving engine he has not realized that person's peril. But neither in the decision in which that language was used nor in the latter case (Railway Co. v. O'Donnell, 99 Tex. 636, 92 S. W. 409), in which Justice Brown quotes it, is it used in the sense in which appellant construes it. This is made clear by the language of Judge Brown immediately preceding the quotation in O'Donnell's Case, supra, as follows: 'If O'Donnell was negligent, then, to render the company liable, the evidence must show that O'Donnell was in a place of danger when seen by the employés of the company, that the men in charge of the engine saw him and realized that he was in a dangerous position, and also that he either could not or would not probably extricate himself from the dangerous situation. * * *' The authorities, when rightly construed, are one on the proposition that, in order to give rise to this new duty resting upon the discovery of peril, it is not requisite that the engineer must know that disaster is inevitable unless he himself can avert it. It is enough if he knows the person injured was in a place of danger from which he probably could not or would not extricate himself in time. Railway v. Hanna, 34 Tex. Civ. App. 608, 79 S. W. 639, and authorities cited."

Because of the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.