HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. W. F. O'DONNELL.

No. 1546.    Decided April 18, 1906.

1.—Railway—Persons Rightfully on Track.

One owning the fee of the land occupied by right of way, and the land on either side, with gates in the railway fences for communication, had a right to enter thereon for the purpose of inspecting and repairing such gates, and was not a trespasser on the track by so doing. (Pp. 639, 640.)

**2.—Evidence—Negligence—Obstructed View.**

The evidence of objects obstructing the view of an approaching train by persons coming to the crossing on a public road had no bearing on the care to be exercised by the trainmen to avoid injury to plaintiff, who was walking on the railway track, not at the crossing, and where the view was unobstructed, and the admission of such evidence was error.   (P. 640.)

**3.—Negligence—Discovered Peril—Person on Railway Track.**

The deafness of one walking on a railway track, not known to those operating a train, raised no duty of increased care on their part to avoid injuring him; they had a right to treat him as a person in possession of his senses, and to assume that he would use them to avoid danger; if he was negligent the company would only be liable when its servants, seeing and realizing that plaintiff was in a position of danger from which he probably would not or could not extricate himself, or that he would probably put himself in danger, failed to use due care to avoid injuring him.   (Pp. 640, 641.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Burnet County.

O'Donnell sued the railway company for personal injury and recovered judgment, which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*S. R. Fisher,* for plaintiff in error.   (*Baker, Botts, Parker & Garwood,* of counsel.)—Trespasser without right to complain of omission to signal.   Missouri, K. & T. Ry. Co. v. Cowles, 67 S. W. Rep., 1078, and cases there cited; Texas & P. Ry. Co. v. Shoemaker, 84 S. W. Rep., 1049; Houston & T. C. R. R. Co. v. Sgalinski, 46 S. W. Rep., 113; Galveston, H. & S. A. Ry. Co. v. Haas, 48 S. W. Rep., 541.

Duty to trespasser.   Texas & P. Ry. Co. v. Breadow, 90 Texas, 27; Texas & P. Ry. Co. v. Staggs, 90 Texas, 460; Ft. Worth & Denver City R. Co. v. Shetter, 94 Texas, 199; Houston & T. C. R. R. Co. v. Rippetoe, 64 S. W. Rep., 1017; Houston & T. C. Ry. Co. v. Smith, 77 Texas, 181; Smith v. Houston & T. C. R. R. Co., 43 S. W. Rep., 34; Douglass v. Railway Co., 90 Texas, 125; Flores v. Atchison, T. & S. F. Ry. Co., 66 S. W. Rep., 709; Missouri, K. & T. Ry. Co. v. Cowles, 67 S. W. Rep., 1078; Texas & P. Ry. Co. v. Roberts, 37 S. W. Rep., 870; Southerland v. Texas & P. Ry. Co., 40 S. W. Rep., 193; Missouri, K. & T. Ry. Co. v. Richie, 37 S. W. Rep., 868, 870; Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 117; St. Louis & S. W. Ry. Co. v. Shiflet, 83 S. W. Rep., 677.

Contributory negligence, effect of.   Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, 162; Gahagan v. Baston & M. Ry. Co. (Sup. Ct. N. H.), 50 Atl. Rep., 146; s. c., 23 A. & E. R. R. Cas. (n. s.), 141; Lewis v. International & G. N. R. R. Co., 63 S. W. Rep., 1091; Martin v. St. Louis S. W. Ry. Co., 63 S. W. Rep., 1089; St. Louis S. W. Ry. Co. v. Branom, 73 S. W. Rep., 1064; International & G. N. Ry. Co. v. Graves, 59 Texas, 330; Texas & P. Ry. Co. v. Fuller, 24 S. W. Rep., 1090; Gulf, C. & S. F. Ry. Co. v. Abendroth, 55 S. W. Rep., 1122; Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 590; Artusy v. Missouri P. Ry. Co., 73 Texas, 191.

Presumptions as to plaintiffs faculties and exercise of care on which the trainmen may act. Artusy v. Missouri P. Ry. Co., 73 Texas, 191; International & G. N. Ry. Co. v. Garcia, 75 Texas, 584; St. Louis & S. F. Ry. Co. v. Herrin, 6 Texas Civ. App., 723, s. c., 26 S. W. Rep., 427; St. Louis & S. F. Ry. Co. v. Christian, 8 Texas Civ. App., 249, 27 S. W. Rep., 933; McDonald v. International & G. N. Ry. Co., 86 Texas, 1; Terre Haute, etc., Ry. Co. v. Graham, 95 Ind., 286; McAllister v. Burlington & N. W. Ry. Co., 64 Iowa, 395; 19 A. & E. R. R. Cases, 108; Mobile & O. Ry. Co. v. Stroud, 64 Miss., 784; 31 A. & E. R. R. Cases, 443; Yarnell v. St. Louis, K. C. & N. Ry. Co., 75 Mo., 575; 10 A. & E. R. R. Cases, 726; 2 A. & E. R. R. Cases, 4.

It was error for the court to admit evidence as to conditions on the north side of the track, or north of the crossing and in the public road north of the crossing, as the admission of such testimony tended to mislead and confuse the jury by inducing them to believe that they were required to consider conditions which had and could have had naught to do with misleading plaintiff or producing or causing the accident.

*Ike D. White* and *T. E. Hammond,* for defendant in error.—Defendant by its own wrong having created the necessity for the entry, plaintiff had the legal right to go upon said right of way for said purpose, and in so doing was not a trespasser, and plaintiff's petition and the evidence in support thereof showing such state of facts do not show him to have been a trespasser at the date of the injuries complained of. Baltimore & Potomac R. Co. v. Cumberland, 176 U. S., 232; Alley v. Carleton, 29 Texas, 74.

The evidence as to obstructed view at the crossing was admissible for the purpose of showing or tending to show that applicant's servants were guilty of negligence in not giving the statutory signals. Missouri, K. & T. Ry. Co. v. Hammer, 9 Texas Ct. Rep., 298; Gulf, C. & S. F. Ry. Co. v. Smith, 28 S. W. Rep., 520; Texas & Pac. Ry. Co. v. Watkins, 29 S. W. Rep., 232; Houston & Texas Cent. Ry. Co. v. Harvin, 54 S. W. Rep., 629.

BROWN, Associate Justice.—The petition in this case alleges in substance that O'Donnell lived in Burnet County and owned a tract of land through which the railroad passed, from east to west, dividing the plaintiff's tillable land so that a part lay on each side of the railroad track; the barns lots and houses were on the south side, just west of plaintiff's enclosure, and near to it was a public road which crossed the railroad track near to the point where a cattle gap was placed in defendant's west fence. The railroad company fenced the right of way through the plaintiff's farm by placing on each side of it a five barbed wire fence, but failed and refused to place in said fence any gate or pass way so that the plaintiff could pass from the land on the south side to his land on the north side of the track, and, after plaintiff had made many applications for a gate, or pass way through the said barbed wire fence, the railroad company cut the wires loose, but refused to erect any gate, or anything which would prevent the plaintiff's stock from going in and upon the said right of way, whereby the plaintiff was

compelled, for the protection of his stock, to erect and maintain a wire gate on each side of the said track which, on account of the length and number of the wires, were difficult to handle. On the 21st day of November, 1903, plaintiff went to inspect the gates and, in order to do so, was compelled to enter upon the enclosed right of way at the west end thereof and to walk along the said right of way for about forty-eight yards to the point where the gates were; and, after he had inspected the gates, which required but a few moments, plaintiff looked to the east and to the west to see if any train was approaching, and also listened for the sound of any approaching train from either direction, but he neither saw nor heard a train and proceeded along the said right of way on the south side of the track at the ends of the ties westward towards the public road, and when he had reached a point about fourteen steps from the said public road a passenger train which came from the east and behind him struck the plaintiff causing serious injury. At a point about eighty rods from the public road the defendant had a whistling post set up for the guidance of its employes in charge of trains, indicating that at that point the whistle must be blown, but on this occasion the defendant's train was running at a high rate of speed, alleged to be about sixty miles an hour, and there was no whistle blown nor bell rung. Plaintiff relied upon the blowing of the whistle at this point to give him warning of the approach of the train, and, if the whistle had been blown and the bell rung, he could and would have heard it and would have stepped away from the track so as to be out of danger. Defendant's employes could have seen the plaintiff on the right of way where he was walking for a distance of six hundred yards from the place where they struck him, and it was alleged that they did in fact see him and wholly failed to take any measures for his protection. It was alleged that the plaintiff was badly injured with his arm broken and other serious injuries inflicted upon him; that he lived near by the place where he was injured and started to go home when the servants of the railroad company seized him and over his protests and earnest appeals to them to let him go home, they forced him upon the train and took him to Marble Falls and carried him to a hotel where the railroad surgeon made an examination of his injuries. It was alleged that it was necessary for him to ride from Marble Falls to his home, a distance of eight miles, in order to receive proper care and attention, which greatly aggravated his sufferings and caused him much pain.

The defendant filed a general demurrer and a number of special exceptions to the petition, also general denial and plea of contributory negligence. The Honorable Court of Civil Appeals failed to make any findings of fact, and in order to dispose of the case, we must assume that the evidence was sufficient to support the verdict rendered under the allegations in the petition.

The trial court overruled the general demurrer and exceptions, and, upon a trial before a jury, verdict and judgment was rendered for the plaintiff below.

At the time that he received the injury, O'Donnell was not a trespasser upon the right of way of the plaintiff in error. He owned the

fee in the land and, having lands on both sides of the right of way with gates for communication between his farms, O'Donnell had the right to enter upon the right of way for the purpose of inspecting and repairing the gates which the law charged him with keeping in repair. Texas & P. Ry. Co. v. Glenn, 30 S. W. Rep., 845; Rev. Stats., art. 4473; Gulf, C. & S. F. Railway v. Rowland, 70 Texas, 302.

Over the objection of the railroad company, the plaintiff was permitted to prove by two witnesses that: "north of the right of way I could not see the engine at that point (the whistling post) ; it's high ground here and brush. Standing in the Burnet and Marble Falls road north of the crossing there is a timbered ridge about 80 feet east that would obstruct the view of a person coming from the north towards the crossing." The objection was duly preserved by bill of exceptions. If we assume that the existence of the timber and other obstructions to the view of the railroad's right of way from the dirt road would impose upon the railroad company and its employes additional duty to those persons who might be traveling from the north on the Burnet and Marble Falls road across the railroad and thereby extra diligence would be required as to such people in approaching the crossing of the railroad track, such duty did not arise in favor of the plaintiff who was walking upon the right of way of the railroad and whose view of the track was in no way obstructed by the existence of the timbered ridge or other obstructions testified to by the witnesses. The testimony was calculated to lead the jury to believe that, on account of the obstruction testified to, it devolved upon the railroad company to use extra diligence in approaching the crossing and that a failure to use such extra diligence would be negligence as to the plaintiff as well as to persons who might be traveling upon the dirt road. But such is not the law. The evidence was calculated to mislead the jury and cause them to find against the railroad company upon the absence of some act of diligence which they might have imagined to be necessary and proper under the conditions testified to. The testimony was conflicting as to whether the whistle was blown and the bell rung, and under these conditions, this testimony was material and the admission of it was such error as requires a reversal of the judgments of the District Court and Court of Civil Appeals.

Plaintiff in error presents in its application thirty-six grounds of error, but we think it unnecessary to discuss them in detail, as many of them present questions which will not probably arise on another trial. The charge of the court did not fully present to the jury the issue of discovered peril, and the attorneys for the railroad company requested a number of special charges which were refused. Instead of discussing the special charges separately we will state the law applicable to the facts.

The engine men being ignorant of O'Donnell's deafness, were charged with no duty which would arise from the existence of that infirmity, but they had the right to treat him as a person in full possession of his senses, and, seeing him near the track, might presume that he would make proper use of his faculties and would get far enough away from the track to insure his own safety. They were not required to anticipate that he would be guilty of an act of negligence, either by remaining in danger,

if he was so, or by putting himself in danger. If O'Donnell was negligent, to render the railroad company liable, the evidence must show that O'Donnell was in a place of danger when seen by the employes; that the men in charge of the engine saw him and realized that he was in a dangerous position, and also that he either could not or would not probably extricate himself from the dangerous situation, or that O'Donnell would probably put himself in danger. Fort Worth & D. C. Railway Co. v. Shetter, 94 Texas, 199; Sanches v. San Antonio & A. P. Railway Co., 88 Texas, 119.

In Fort Worth & Denver City Ry. Co. v. Shetter, above cited, this court said: "A person walking negligently along a railroad track in front of a moving train will surely be hurt unless the train stops or he gets out of its way. In the sense he may be said to be in danger, but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when they have realized that he can not or will not get out of the way that the duty of averting a collision arises. Certainly it is at least equally true that trainmen are not bound to assume that a person not on the track will get on it, where it would be negligent and dangerous for him to do so, and, as they would not be bound to assume it, a jury could not properly find that they knew it would be done, in the absence of proof of knowledge."

For the error indicated, the judgments are reversed and the cause is remanded.

*Reversed and remanded.*