W. A. PILLOW v. TEXARKANA & FORT SMITH RAILWAY COMPANY.

Decided May 6, 1909.

**1.—Negligence—Discovered Peril.**

The rule holding defendant liable, in spite of plaintiff's contributory negligence, in case of discovered peril has no application in the absence of actual discovery and appreciation of the peril of plaintiff.

**2.—Same—Case Stated.**

One desiring to take passage on a southbond train which stopped only on signal, stood on the track north of the passenger platform where he flagged the train with a lantern, was seen, and his stop signal answered by a whistle. He then ran down the track to the platform and was struck by the pilot just as he was getting off the track onto the platform. He was seen on the track from the engine when he gave the stop signal but his subsequent movements were not watched nor his peril known. Held, that a peremptory instruction to find for defendant was warranted.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Hart, Mahaffey & Thomas,* for appellant.—If the plaintiff, in going from the place where he signaled the engineer to the platform, was guilty of contributory negligence in remaining upon the track when he could have, with equal convenience, traveled along the dump beside the track, such as would preclude his right to recover upon the theory that he was a passenger, and defendant failed to discharge its duty to him as such, still he was entitled to go to the jury upon the issue of discovered peril. Wallace v. Southern Cot. Oil Co., 91 Texas, 18; Joske v. Irvine, 91 Texas, 581; Bowman v. Brewing Co., 17 Texas Civ. App., 446; Guance v. Gulf, C. & S. F. Ry. Co., 48 S. W, 527; Warren v. Railway Co., 168 U. S., 339, 42 Law. ed., 491; Karr v. Traction Co., 13 L. R. A. (New Series), 283; Brown v. Griffin, 71 Texas, 659; Houston & T. C. Ry. Co. v. Ramsey, 36 Texas Civ. App., 285; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 119; Houston & T. C. Ry. Co. v. Finn, 101 Texas, 511; Lewis v. Houston Elec. Co., 88 S. W., 489, 39 Texas Civ. App., 625.

*Glass, Estes & King* and *S. W. Moore,* for appellee.—The plaintiff in error in going on the track in front of an approaching train and

remaining there until he was struck, knowing that the train was approaching, was guilty of contributory negligence; and there being no evidence that the employes of the railroad company discovered that plaintiff was in a position of peril, and that he would not or could not leave the track before the train reached him, and that this discovery was made in time to have stopped the train or else have slackened its speed to have avoided striking him by the use of appliances at hand, there was nothing to submit to the jury and the court properly instructed a verdict for the defendant. San Antonio Trac Co. v. Kelleher, 107 S. W., 64; San Antonio & A. P. Ry. Co. v. McMillin, 100 Texas, 562, 102 S. W., 103; Tull v. St. Louis S. W. Ry., 87 S. W., 910; Baker v. Ashe, 80 Texas, 361; Willoughby v. Townsend, 18 Texas Civ. App., 724; Telephone Co. v. May, 31 S. W., 323; Lewis v. Galveston, H. & S. A. Ry. Co., 73 Texas, 507; Texas Mid. Ry. Co. v. Byrd, 102 Texas, 263.

HODGES, Associate Justice.—The plaintiff in error brought this suit to recover damages for personal injuries which he claims were inflicted through the negligence of the servants of the defendant in error in striking him with one of its railway locomotives. The plaintiff was at a small station called Index on the defendant's line of railway near Red River, and, with others, desired to take passage on the southbound train for Texarkana. It was necessary to flag the train for that purpose, as trains did not make regular stops there. It was at night, and plaintiff procured a lantern, took his position on the track near the south end of the bridge across Red River in front of the house of the bridge watchman, about ninety feet north of the platform constructed for passengers to use in getting on and off of trains. When the train came in sight at a distance variously estimated at from 300 to 1,000 yards, plaintiff gave the signal, which was answered by the engineer, and then, according to his version, started down the center of the track to the passenger platform, and just as he was stepping on to the platform he claims that the pilot-beam of the engine, or some other part, struck him and caused the injury. At the conclusion of the testimony the court peremptorily instructed a verdict in favor of the defendant, hence this appeal.

The only question which we think it necessary to consider is the sufficiency of the evidence to require the submission of the issue of discovered peril. The railway track at that point is upon a high embankment sloping on each side at the usual angle assumed when dirt is allowed to fall and settle by its own motion. The top of the embankment is about twenty feet wide between the points where the slopes begin. On this had been deposited a layer of washed gravel to a depth of about twenty inches or two feet, and on this gravel were laid the ties and track. The gravel extended beyond the ends of the ties about three feet, and left a space between it and the shoulder of the embankment variously estimated at from two to three and a half feet in width. It was shown that a man could walk in this space without danger of being struck by a passing train, and that this was generally used by persons passing along the railway right of way. The testimony for the plaintiff in error shows that after flagging the train he started in

a run to the passenger platform, keeping in the middle of the track till he covered about three-fourths of the distance. He then got out on the ends of the ties on the side next to the platform and kept going in that position till he reached the platform step. There can be no dispute about his having been guilty of contributory negligence as a matter of law. To support the contention that the servants discovered his perilous situation in time to have avoided the injury, plaintiff relies upon the fact that there were no obstructions to the view of the trainmen; that it was their duty to look ahead at that point; and the further fact that his presence was discovered when he flagged the train, as evidenced by the answering signal of the engineer and the testimony of the fireman. The rule is well settled that in the absence of actual discovery and the appreciation of the peril the rule of discovered peril has no application. San Antonio Trac. Co. v. Kelleher, 107 S. W., 64; San Antonio & A. P. Ry. Co. v. McMillen, 100 Texas, 562, 102 S. W., 103. In the case last cited the court said: "In applying the doctrine of discovered peril, the railroad company can not be held liable because the servant was negligent in failing to discover the person, or in failing to recognize his peril; but it must appear from the evidence that the servant actually saw the man, realized his peril, and that he would not get off the track. Railway Co. v. Breadow, above cited. It must also appear that the discovery of the peril was in time for the trainmen by the use of the means at hand to stop the train before coming in collision with the man." It was shown that the engineer could not, from his position, see the plaintiff after the engine reached a point close to him, the plaintiff being on the side opposite that occupied by the engineer. The fireman testified that he saw a man whom he took to be the one who flagged the train going along down by the side of the track on the embankment, and that he paid no more attention to him but was looking ahead at the people on the platform. There was further evidence that the employes did not know that the plaintiff had been struck until informed of that fact by the conductor after reaching Texarkana. Assuming that the employes did see appellant when he flagged the train, he was not then in a position of peril. They had a right to assume that he would get out of danger before the train reached him. In Houston & T. C. Ry. Co. v. O'Donnell, 99 Texas, 636, 92 S. W., 409, the Supreme Court said: "The enginemen, being ignorant of O'Donnell's deafness, were charged with no duty which would arise from the existence of that infirmity; but they had the right to treat him as a person in full possession of his senses, and, seeing him near the track, might presume that he would make proper use of his faculties, and would get far enough away from the track to insure his own safety. They were not required to anticipate that he would be guilty of an act of negligence, either by remaining in danger, if he was so, or by putting himself in danger. If O'Donnell was negligent, to render the railroad company liable the evidence must show that O'Donnell was in a place of danger when seen by the employes; that the men in charge of the engine saw him and realized that he was in a dangerous position, and also that he either could not or would not probably extricate himself from the dangerous situation, or that O'Donnell would probably put himself in

danger. Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199, 59 S. W., 533; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 119, 30 S. W., 431. In Ft. Worth & Denver City Ry. Co. v. Shetter, above cited, this court said: 'A person walking negligently along a railroad track in front of a moving train will surely be hurt, unless the train stops or he gets out of its way. In a sense he may be said to be in danger, but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when they have realized that he can not or will not get out of the way that the duty of averting a collision arises.'" Even if the trainmen saw the plaintiff running along in the center of the track a part of the way, they had the right to assume that he would get into a place of safety; and when he turned to walk on the ends of the crossties they had reason to believe that their assumptions had been confirmed. This was especially true when the plaintiff was known to be fully aware of the proximity of the train and had ample opportunity to get out of the way. His counsel insist that the track at that place was in such a condition that he could not be expected to get off until he reached the platform; that it was dangerous for him to undertake to do so at any other point between the platform and where he started from. We do not think this contention is supported by the facts. It is true the situation was not as convenient for one in leaving the track as it would have been on level ground, but one standing or walking or running on the ends of the cross-ties had but to leap about three feet to one side into a path where he would be in perfect safety. It is also shown that there was a small platform used as a landing on the embankment at the north end of the larger platform constructed for passengers. The plaintiff might have stepped upon this platform, and we think that the trainmen had the right to assume that he would when he reached it. Had he done this he would not have been injured. His reasons for not leaving the cross-ties before reaching the passenger platform are, we think, insufficient. There is nothing to show that the trainmen knew that he could not or would not leave the track before being struck. If the plaintiff, actuated by the natural impulse to preserve his own life and avoid serious danger, did not regard his situation as sufficiently perilous to induce him to take the small risk of stepping to one side to get out of the way of the locomotive, certainly he could not expect more vigilance on the part of others who were only charged with the duty to exercise ordinary care. At no point in his journey from where he flagged the train to the platform can it be said that he was in peril, until it was made evident that he would not leave the track. The testimony does not disclose sufficient facts to show that this might have been discovered, or was actually discovered, in such time as to enable the employes in charge of the train to avert the collision. We think the court properly instructed a verdict for the defendant, and the judgment is accordingly affirmed.

*Affirmed.*