## ROSSITER, ADMINISTRATRIX, *v.* LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

[No, 7,375. Filed December 19, 1911. Rehearing denied February 16, 1912. Transfer denied January 6, 1913.]

1. NEGLIGENCE. — *Complaint.* — *Allegations.* — *Legal Duty.* — In a negligence case, the complaint, to be sufficient, must show that there was a legal duty, owing by defendant to the person injured, which was violated by a want of care on the part of the wrong-doer proportionate to the duty imposed on him by law. p. 92.

2. RAILROADS.—*Injury to Trespassers.*—*Care Required.*—A railroad company owes no duty to a trespasser upon its tracks unless he is observed to be in a perilous position, in which event it at once becomes the duty of those operating the train to do all that persons of ordinary care and caution would do under like circumstances to save him from injury. p. 92.

Rossiter *v.* Lake Shore, etc., R. Co.—52 Ind. App. 88.

3. RAILROADS.—*Injury to Persons on Tracks.—Negligence.—Violation of Ordinance.*—The violation of a city ordinance regulating the speed of trains, is negligence rendering the railroad company liable for injuries caused thereby to a person who was lawfully upon its tracks. p. 92.

4. RAILROADS.—*Right of Way.—Rights of Owner of Fee.—Injury to Person on Tracks in Service of Owner of Fee.—Liability.*—Where a railroad company holds only an easement, the landowner has certain rights to the use of the right of way which entitle him to enter thereon when such entry is indispensable in the proper use and occupation of the fee in the adjoining land, so that where the complaint, in an action against a railroad company for the death of a surveyor, alleged that it was necessary for the landowner, in the survey of his lands adjoining the right of way, to take measurements along, across, upon and over defendant's right of way, and that while upon defendant's track in the performance of the work of taking such measurements for the landowner, plaintiff's decedent was killed, it cannot be said, as a matter of law that such use of the tracks was an interference with the superior rights of the railroad company so as to render decedent a trespasser, but the question is one of fact to be determined from the circumstances of the case. p. 93.

5. RAILROADS.—*Right of Way.—Trespassers.—Rights of Adjoining Landowner.*—The general rule that between stations and public crossings the track of a railroad company belongs to it exclusively, and that all persons who walk or drive thereon are trespassers, is limited in its operation with respect to the right of the owner of the fee to enter thereon when such entry is indispensable to the proper enjoyment of the adjoining land, and with respect to such owner's statutory right to a private crossing. p. 96.

6. RAILROADS.—*Injury to Persons on Tracks.—Complaint.—Sufficiency.—Allegations as to Place of Injury.*—In an action against a railroad company for the death of plaintiff's decedent caused by the negligent operation of defendant's train in violation of a city ordinance, a complaint charging that defendant was operating trains on its tracks in the city at the time of the injury, that it had four separate railroad tracks on its right of way within the city limits, that it had a railroad bridge within the city limits, that the right of way and the four tracks at such bridge and for a number of rods to the east thereof are curved sharply, that while decedent was necessarily on defendant's right of way, defendant negligently operated its train around said curve and over the curved track through the limits of the city, sufficiently shows that the place where decedent was killed was within the city limits. p. 97.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Lucy M. Rossiter, administratrix of the estate of Frederick C. Rossiter, deceased, against the Lake Shore and Michigan Southern Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Bruce & Bruce,* for appellant.

*John B. Peterson,* for appellee.

IBACH, P. J.—This action was brought by appellant to recover damages for alleged negligence resulting in the death of her husband.

The complaint is in a single paragraph. After averring that appellee is a corporation operating a railway through the city of Hammond, and setting out the location of its tracks, the complaint charges "that on the said September 6, 1905, and for several years prior thereto, by city ordinance, the said city of Hammond had duly enacted an ordinance regulating the speed of trains and cars through its said city limits, that the said ordinance was on September 6 in full force and effect, and one section thereof read as follows: 'That it shall be unlawful for any railroad company, agent or servant or employe of any such company, or other person to permit or cause any locomotive engine, car or train of cars to pass along or upon any railroad within the limits of said city at a greater rate of speed than six miles per hour.' That along the line of the defendant's right of way on September 6, 1905, there was a line of telegraph poles, the poles being placed one hundred feet apart. And along the lines of each of the other railroads both to the north and south of the defendant's line of road were lines of telegraph poles placed one hundred feet apart. That railroads having more than one track upon its right of way generally operate its trains by having the trains run on the right hand tracks; that is to say, on an east and west road, the trains going east will be run on the south track or tracks, and trains going west will be run on the north track or tracks, that being the general custom of the well managed

railroads. That the deceased for many years prior to his death was a civil engineer of marked ability and was well known throughout the northern parts of the states of Illinois and Indiana; that he was at all times a man who was careful and methodical. That on the said September 6, 1905, the said Frederick C. Rossiter was engaged in surveying a long, narrow strip of land between the railroad of the defendant and the railroad next nearest to the defendant's road on the north. And the said Frederick C. Rossiter was then and there engaged in surveying the narrow strip of land between the defendant's road and the railroad next nearest the defendant's road on the south. That the said Frederick C. Rossiter was employed to make the said survey by the owner of the fee of the said strips of real estate between the said railroads, and also by the owner of the fee of the real estate upon which the defendant's railroad is situated. That it was necessary in making the said survey to take measurements along, upon and across and over the defendant's right of way. That on the said September 6, 1905, while the said Frederick C. Rossiter was in the line of his employment and duty in making the said survey the said defendant company then and there carelessly and negligently run and operated its train around the said curve upon a left hand track instead of the right hand track, and did then and there run and operate its said train at the dangerous, reckless and unusual rate of speed of seventy-five miles per hour upon and over the said curved track through the limits of the said city of Hammond contrary to the city ordinance in such cases made and provided as heretofore set forth in this complaint, and said defendant did then and there carelessly and negligently fail to blow the whistle or ring the bell or give any warning of the approach of the said train, and said defendant did then and there and thereby carelessly and negligently run the said train of cars against the said Frederick C. Rossiter and did then and there and thereby kill the said Frederick C. Ros-

siter, that the said Frederick C. Rossiter's death was brought about without any fault or negligence on his part, but solely by reason of the carelessness and negligence of the defendant as aforesaid.'' The concluding part of the complaint relates to those dependent on the decedent, and the damages suffered by them. To this complaint a demurrer for want of facts was sustained. Judgment was rendered on the demurrer, and plaintiff appeals. She assigns as error the sustaining of said demurrer.

It is apparent that the theory on which the complaint proceeds is not one of wilful injury, but rather one of mere negligence. The rule is that to make a complaint

1. good in an action for negligence, it must appear from the averments thereof that there was a legal duty owing to the person injured by the person causing the injury, and that such duty was violated by a want of care on the part of the wrongdoer proportionate to the duty imposed on him by law. Appellant contends that her husband was rightfully upon appellee's tracks, because he was employed by the owner of the fee in the land adjoining and in the land on which the railroad is situated to go there to make a survey. Appellee insists that although these facts may be admitted to be true, and although they account for decedent's presence upon the tracks, yet such facts are not sufficient to show that he was rightfully there, but rather show that he was where he had no right to be. If ap-

2. pellee is correct in this contention, then decedent must be held to have been a trespasser, and appellee owed him no duty until he was observed upon the tracks in a perilous position, when it would at once become the duty of the agents of appellee operating one of its trains to do all that persons of ordinary care and caution would do under like circumstances to save him from injury. If, how-

3. ever, he had a right to be on the tracks of appellee to make the survey in question, then he was lawfully there for such purpose, and could not be held to be a tres-

passer, and the failure to comply with the city ordinance regulating the speed of trains would be actionable negligence on the part of appellee.

The determination of the question presented by this appeal is not without difficulty. The identical point has never, we believe, been determined by any of the courts of the land, so that it becomes our duty to decide it, guided largely by the principles of law involved and aided by such decisions as we have been able to find which have been announced by other courts where kindred questions have been involved.

4.

The argument of counsel for appellant is, that where a railroad company exercises for its right of way an easement only, its user is not exclusive, and that the owner of the fee would have the right to a reasonable or necessary use of the railroad right of way, subordinate, of course, to the superior right of the railroad for the use of the easement for railroad purposes, but the railroad company would owe such owner of the fee or his employes the duty not to injure them negligently.

In the case of *Olive Sternenberg & Co.* v. *Sabine, etc., R. Co.* (1895), 11 Tex. Civ. App. 208, 213, 33 S. W. 139, the court said: "Common observation teaches that the owner of the fee may use the land for some purposes without interfering with the operation of the road, and without hindering the company in the exercise of any right. The right to fence the right of way, given by statute, and the duty to keep it free from nuisances, combustible material and the like, as declared by the courts, may not conflict with the use of the land by the owner for some purposes. The track may not be fenced at any place, and cannot be fenced at all places. Combustible material and noxious matter may be kept off the right of way, and still the owner need not necessarily be excluded from all use of it at all times and places. And a particular use of the land by the owner may not obstruct or hinder the exercise of any right or the per-

formance of any duty. But if, in any instance, the right to use the land, claimed by the owner, is, in fact, irreconcilable with the right vested in the railway company, the latter must prevail. So the question is whether or not the use made of the right of way by the owner of the fee, in this case, is such as is inconsistent with the rights of the railroad company."

In the case of *Mize* v. *Rocky Mountain Bell Tel. Co.* (1909), 38 Mont. 521, 100 Pac. 971, 129 Am. St. 659, it was held that a laborer who was employed by the owner of the fee to clean out an irrigating ditch which crossed the railroad right of way was not a trespasser on the right of way.

In the case of *Kansas Cent. R. Co.* v. *Allen* (1879), 22 Kan. 285, 293, 31 Am. Rep. 190, the following language is used: "An easement merely gives to a railroad company a right of way in the land; that is, the right to use the land for its purposes. * * * The former proprietor of the soil still retains the fee of the land and his right to the land for every purpose not incompatible with the rights of the railroad company. Upon the discontinuance or abandonment of the right of way, the entire and exclusive property and right of enjoyment revest in the proprietor of the soil. After the condemnation and payment of damages, the soil and freehold belong to the owner of the land, subject to the easement or incumbrance, and such land-owner has the right to the use of the condemned property, provided such use does not interfere with the use of the property for railroad purposes. * * * The paramount right is with the railroad company, and the land-owner can do nothing which will interfere with the safety of its road, appurtenances, trains, passengers, or workmen. * * * In the use of the land, the railroad company had the paramount right, but the defendant in error had also the right to the land for every purpose not incompatible with the rights of the road. If the railroad company required exclusive occupancy of the land taken for the use of its railroad on account of the

nature of its operations, or for the security of its trains, its passengers or its employes, it was entitled to such occupancy. * * * It is our opinion that it is a question of fact, not of law, whether the necessities of the railroad demand exclusive occupancy for its purposes, and what use of the property by the owner is a detriment to, or interference with the rights of the road."

The case of *Smith* v. *Pittsburgh, etc., R. Co.* (1904), 26 Ohio C. C. 44, follows the doctrine of *Kansas Cent. R. Co.* v. *Allen, supra,* in holding that it is a question of fact as to what use of the property by the owner of the fee is an interference with the rights of the railroad.

In *Smith* v. *Holloway* (1890), 124 Ind. 329, 24 N. E. 886, the Supreme Court of this State, by Elliott, J., said: "The owner can not interfere with the free use of the right of way, but subject to this use he may make all lawful use of the land." It may be remarked, however, that in all these cases cited, the question was that of the use of some portion of the right of way other than the track, by the owner of the fee. The one reported case which we have been able to find most similar to the present is that of *Houston, etc., R. Co.* v. *O'Donnell* (1905), 90 S. W. (Tex. Civ. App.) 886, and *Houston, etc., R. Co.* v. *O'Donnell* (1906), 99 Tex. 636, 92 S. W. 409. In this case the landowner was struck by a train and injured while on the right of way, returning from an inspection of his stock gates. The supreme court of Texas said: "At the time that he received the injury, O'Donnell was not a trespasser upon the right of way of the plaintiff in error. He owned the fee in the land and having lands on both sides of the right of way with gates for communication between his farms, O'Donnell had the right to enter upon the right of way for the purpose of inspecting and repairing the gates which the law charged him with keeping in repair." We do not consider it necessary, in disposing of this case, to go to the extent of the holding in the O'Donnell case, neither do we consider the right to be

on appellee's right of way, at least upon its track, to extend beyond *necessary presence* in the performance of some act necessary to the full possession of the adjoining fee, and in such manner as not to interfere with the uninterupted use of such right of way by the railroad company. But from the cases considered, it will be seen that when the railroad company holds only an easement, the landowner has certain rights to the use of the right of way, and it is readily apparent that it may be at times indispensable for him to enter on the railroad right of way in the proper use and occupation of the fee in the adjoining land. If it appeared from the averments of the complaint before us that his presence on the right of way was merely a matter of convenience, or anything less than an actual necessity, we would not hesitate to hold the complaint insufficient as a matter of law. The complaint alleges that it was necessary for the landowner in the survey of his adjoining lands to take measurements along, across, upon and over the right of way of appellee. We are unable to say that such use of the right of way by the owner of the fee is, as matter of law, an interference with the rights of the railroad company. We must therefore conclude that it is a question of fact, to be determined from the circumstances of the case, whether decedent was necessarily on the right of way and the track in the performance of his employment by the owner of the fee, and whether this was an interference with the superior rights of the railroad company in the operation of its trains.

Appellee argues that between stations and public crossings the track of a railroad company belongs to it exclusively, and all persons who walk, ride or drive thereon
5. are trespassers, and if such persons walk, ride or drive thereon at the sufferance or with the permission of the company, they do so subject to all the risks incident to so hazardous an undertaking. This statement is well supported by authority, but is merely the enuncia-

tion of a general rule, which takes cognizance neither of certain rights which the owner of the fee has to the use of the right of way of the railroad, as set forth above, nor of the right of the owner of the fee to a private crossing, as provided by our statute.

Appellee further argues that the complaint charges as negligence the violation of a certain city ordinance of the city of Hammond, but fails to charge that the place

6. where the survey was being made was in the city of Hammond, and that the place where the decedent was killed was in the city of Hammond. We have carefully considered the complaint, and do not find it open to such objection, since it charges that appellee was operating trains on its tracks in Hammond at the time of the injury, that it had four separate railway tracks on its right of way within the city limits, that it had a railroad bridge within the city limits, that the railroad right of way and the four tracks at said bridge and for a number of rods to the east and southeast thereof, are curved sharply, that in making the survey it was necessary to take measurements along, upon and across defendant's right of way, that while decedent was in the line of his employment and duty in making said survey defendant then and there carelessly and negligently and over said curved tracks through the limits of the city of Hammond run and operated its train around said curve, and then and there killed decedent. These allegations sufficiently charge that the place where the survey was being made was in the city of Hammond, and that the place where decedent was killed was within the city limits.

We conclude that the complaint is sufficient to withstand demurrer, and for the error of the trial court in sustaining a demurrer to it the judgment is reversed.

Felt, C. J., Lairy, Myers, Hottel and Adams, JJ., concur.

NOTE.—Reported in 96 N. E. 956. See, also, under (1) 29 Cyc. 565; (2) 33 Cyc. 769; (3) 33 Cyc. 793; (4) 33 Cyc. 899; (5) 33 Cyc.

754; (6) 33 Cyc. 865. As to the duty of railroad companies to trespassers on the track, see 30 Am. St. 53; 36 L. Ed. U. S. 1064. On the question of the duty of a railroad company to keep lookout for trespassers on track, see 8 L. R. A. (N. S.) 1009; 41 L. R. A. (N. S.) 264.