INTERNATIONAL & G. N. RY. CO. v. LOGAN. (No. 7463.)*

(Court of Civil Appeals of Texas. Dallas. Feb. 19, 1916. Rehearing Denied March 25, 1916.)

1. RAILROADS ⬤⇒390—INJURIES TO PERSONS ABOUT TRACKS—DISCOVERED PERIL.

To render a railroad company liable for injuries received by one on or about its tracks under the theory of discovered peril, it must appear the engineer in charge of the train realized such person's danger, and that he could not or would not extricate himself from the dangerous situation, yet failed to take precautions to avoid the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1324, 1325; Dec. Dig. ⬤⇒390.]

2. RAILROADS ⬤⇒400(14) — INJURIES TO PERSONS ABOUT TRACKS—ACTIONS—EVIDENCE —DIRECT QUESTION.

In an action by a young boy hurt when a passing train struck the gate leading from a stock pen to the tracks, the question whether the engineer in charge realized the boy's position of peril, but failed to take precautions to avoid injuries, held for the jury.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. ⬤⇒400(14).]

3. DAMAGES ⬤⇒134(3)—PERSONAL INJURIES—MEASURE.

Where a boy through the negligence of a railroad company suffered injuries consisting principally of a broken arm, an award of $800 cannot be held excessive on the theory that it did not appear such injury would diminish his earning capacity on reaching majority; there being evidence of mental and physical suffering and permanent injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 368, 389–392; Dec. Dig. ⬤⇒134 (3).]

4. TRIAL ⬤⇒352(6) — SPECIAL ISSUES—LEADING QUESTIONS.

Special issues submitted to the jury, though they be leading questions, are not improper, where they do not in any manner suggest the answer expected, but merely call for an unequivocal answer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 842; Dec. Dig. ⬤⇒352(6).]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Jack Logan against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Wilson, Dabney & King, of Houston, and Neff & Taylor, of Waco, for appellant. Shurtleff & Cummings, of Hillsboro, for appellee.

RASBURY, J. The appellee, a minor, by his next friend, O. P. Langford, sued appellant in the court below for damages for personal injuries alleged to have been the result of appellant's negligence. No issues arise upon the pleading, and they will not be stated. Upon the theory that appellant was liable, if at all, on the ground that it discovered appellee in a perilous position in time to have avoided injuring him, the court submitted to the jury certain special issues of fact, and in response to which they found, among other things not essential to recite here, that appellee at the time he was injured was discovered in a perilous position by appellant's engineer upon the platform of its stock pen, that his peril was known by the engineer, and that he could, by the use of the means at his command and with safety to himself and train, have stopped same before appellee was injured, and that his failure to do so was negligence which proximately caused appellee's injury, compensation for which was fixed at $800. Upon motion, judgment was entered for appellee for the sum awarded, from which this appeal is prosecuted.

The first assignment of error asserts, in effect, that the evidence adduced at the trial is insufficient to sustain either the special findings of fact of the jury or the judgment of the court entered thereon. We have carefully examined the evidence, and in deference to the findings of the jury it will support the following conclusions of fact: In the town of Irene, where appellee was injured, appellant maintains stock pens built alongside a switch track of the company. There are gates in the pens opening onto a small platform at right angles with the tracks, and when so opened the gates connect with the stock cars being joined thereto by means of sliding slats or bars, forming a chute through which stock enter the cars over the platform and gangplank or running board which bridges the space between the platform and the car; the space between the platform and car being approximately 18 or 20 inches.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

At the time the appellee was injured, the gate to the stock pen was standing open at right angles with the switch track with appellee behind it. Appellant's engineer had backed his engine and three empty cars into the switch for the purpose of securing two loaded cars which were upon the switch. After coupling on the two loaded cars, the engineer started out of the switch to the main line. As he passed the stock pens, he was going at a speed of 10 miles an hour. Before passing the stock pens and when distant therefrom about 150 or 250 feet, he saw the gate open at right angles with the tracks and saw appellee standing behind it. The tracks over which the train was moving were of light steel, the roadbed was not ballasted, and there were low joints in the track, and vegetation had overgrown the tracks. Passing over such a track at the speed indicated caused the cars to rock and jerk and sway out, particularly loaded cars. The engineer knew the condition of the track, knew he had two loaded cars, and the tendency of the loaded cars to sway out in passing over such track while going at the speed stated. After observing the boy, the engineer did not slacken his speed. One of the loaded cars struck the open gate, which in turn struck appellee, knocking him from the platform and breaking his arm. After observing the appellee behind the gate, the engineer, with safety to himself and the train, could have stopped same before the appellee was injured. Photographs of the track and the gate were before the jury, though not in the record.

[1, 2] We gather from the authorities that for the rule of discovered peril to be applicable in the instant case it must appear that appellee was in a place of danger when seen by appellant's engineer, and that the engineer realized his danger, and also that appellee could not or would not probably extricate himself from the dangerous situation. H. & T. C. Ry. Co. v. O'Donnell, 99 Tex. 636, 92 S. W. 409. Concerning the knowledge of the engineer of the facts necessary to make the rule available to the injured party, it may also be said that circumstances or facts may be shown from which the jury may conclude that the servant ought to have acquired knowledge of injured party's peril notwithstanding the servant's statement that he did not know or realize such peril. Ft. W. & D. Ry. Co. v. Shetter, 94 Tex. 196, 59 S. W. 533. Under the rule stated, it seems to us that the court properly referred the matter to the jury. Appellant's engineer was aware of the appellee's situation, saw him standing behind the open gate, knew that only 18 or 20 inches separated the platform from the passing cars, knew that the tracks over which he was drawing the cars were unballasted and had a number of low joints, that such conditions caused the cars to rock, jerk, and sway, particularly the loaded cars, and that the speed at which he was moving increased the tendency to sway.

Thus, it is seen that appellee was in actual danger and appellant's engineer knew of his danger. He was in that position when the engineer saw him, and he was making no effort to remove himself from such danger, but, according to the engineer, was standing his ground, poking a stick at the approaching engine, and awaiting its approach. Appellee was not, as said in I. & G. N. Ry. Co. v. Vallejo, 102 Tex. 70, 113 S. W. 4, 115 S. W. 25, in a secure place. On the contrary, he was, according to the evidence, in an insecure and dangerous situation of which appellant's engineer had knowledge, and being in such situation, as further said in the case just cited, if there was a "probability that by the continued movement of the train injury would be inflicted on the boy, the duty to stop the train would have arisen."

[3] By assignments 3 and 3a appellant asserts that, since the evidence fails to show that appellee's injury will in any way diminish his earning capacity after he arrives at 21 years of age, the verdict is excessive and should have been vacated. It does not follow, in our opinion, that the verdict is excessive in the absence of proof that the injury would diminish his earning capacity after reaching 21 years of age. Diminished earning capacity is not the only item recoverable by the minor. He may recover fair compensation for mental and physical suffering, the probable future effect of the injury on his health, and for any permanent injury. There was evidence of mental and physical suffering and of permanent injury. The verdict was for $800. Those facts considered, we cannot say, in view of the restricted right to disturb the jury's findings, that the verdict is excessive.

[4] The seventh and eighth assignments complain of the form of two of the questions submitted to the jury. Special issue No. 1 is as follows:

"Was Jack Logan, immediately before he received his injury, standing upon the platform of the stock pen with the chute gate open at right angles with the railroad track?"

It is urged that the expression, "with the chute gate open at right angles with the railroad track," is leading and prejudicial.

Special issue No. 2 is as follows:

"Did the engineer in charge of the train that was approaching said stock pens see Jack Logan standing south of the gate when the gate open at right angles with the railroad track?"

It is urged, in reference to this special issue, that it contains the same expression that special issue No. 1 does and is for the same reason advanced above objectionable.

"The rule as to leading questions to witnesses is not applied to issues submitted to a jury by a court; and, unless there is an intimation by the court as to what answer is expected or desired, an appellate court will not interfere with the exercise of his discretion." Sullivan & Co. v. Ramsey, 155 S. W. 580, and cases cited.

To inquire of the jury whether appellee was just prior to receiving his injury stand-

ing upon the platform of the stock pen with the gate open at right angles is to ask, of course, a leading question; but it cannot with any force be said that it suggests an expected or desired answer. The only rational or intelligent answer which could be made to the question would be yes or no. That the question does not suggest which of the possible answers is expected or desired is manifest from the fact that the only suggestion of the court is that the answer be yes or no.

The second, fourth, fifth, and sixth assignments raise issues considered by us in discussing the first assignment of error, and, for the reasons there stated, they are overruled.

Finding no reversible error in the record, the judgment is affirmed.