Emil BUXKEMPER et al., Appellants,

v.

MISSOURI–KANSAS–TEXAS RAILROAD COMPANY OF TEXAS, Appellee.

No. 12822.

Court of Civil Appeals of Texas.

Galveston.

April 7, 1955.

Rehearing Denied May 19, 1955.

J. K. Allen, Columbus and J. Edwin Smith, Houston (Miller, Rutta & Allen, Columbus, Thos. E. Mosheim, and Smith & Lehmann, Houston, of counsel), for appellants.

G. H. Penland, Dallas, Vinson, Elkins, Weems & Searls, C. E. Bryson and Ben H. Rice, III, Houston, for appellee.

GRAVES, Justice.

Appellant, Emil Buxkemper, was injured, and his wife killed, at a public highway-crossing at New Ulm, Texas. They were the sole occupants of an automobile, which sustained a collision with the engine of appellee's passenger train. It was daylight. Mr. Buxkemper was driving.

The train was proceeding in a southerly direction, as it approached the crossing. The track was straight. The engineer was at the controls on the right hand side of the cab. He did not see, and, because of his location, could not have seen, the Buxkemper automobile, as it approached the crossing.

The fireman, in his turn, was on the left side of the engine. He did see the automobile.

The only witnesses, who professed to have any knowledge of the movements of the Buxkemper automobile, were Mr. Buxkemper, the appellant, and Mr. Wood, the fireman on the train.

The suit was for damages for serious personal injuries (Permanent spinal paralysis), sustained by the appellant, Emil Buxkemper, and for the death of his wife, resulting from the automobile train collision. Recovery was urged, under the doctrine of discovered peril only. Whether an issue of discovered peril was raised is the sole question in this appeal.

In this Court the appellants present these two points of error:

### First

"The evidence raises the issue that the fireman discovered the automobile in a position of peril in time for the operatives of the train by the exercise of ordinary care safely to have stopped or slowed the train to avoid the collision."

### Second

"The evidence raised the issue that the fireman realized the peril of the occupants of the automobile in time for the operatives of the train by the exercise of ordinary care safely to have stopped or slowed the train to avoid the collision."

The appellee, in its turn, replies with two counter-points, as follows:

### First

"The evidence does not raise the issue of discovered peril because there is no evidence that the train operatives discovered and realized the peril of the occupants of the Buxkemper car in time to have averted the injury."

### Second

"The evidence does not raise the issue of discovered peril because there is no evidence that the train operatives realized that Mr. Buxkemper would not or could not extricate himself if he were in peril."

In its study of the record, this Court has become convinced that it compels the adoption of the appellee's two quoted answering points to appellants' contention that the evidence raised any issue of discovered peril.

Obviously, the keystone of appellants' arguments for a reversal is that the fireman on the train saw and realized that the appellants' car had been stopped within the "overhang" of the train when the train was still some 100 yards from the crossing, since, under the undisputed evidence, the engineer had not been situated so he could see the appellants' car at the time, and so they were dependent alone for their claims as to what the fireman saw and did at that moment; whereas, it is this Court's conclusion that the fireman's testimony is clear, and does not raise any issue of discovered peril in appellants' favor.

Indeed, appellants made the fireman their witness, hence they are bound by his testimony. In a word, the fireman's final testimony was, as to the position of the appellants' car at the critical time, this: "Well, he came on down there, and had plenty of time, if he had of kept going, to have gotten across; and he went down there and stopped, and whenever he made the stop, well, I just run my head out the side of the window here, you see, in other words, to get on the bead, and I'd say he stopped about two, two and a half feet in the clear, you see, and he stood there for, I don't say seconds, but what I mean, he stood there, it looked like that he was going to stay there to me." Appellants are bound by that testimony from the fireman, Mr. Wood, their own witness, and when it is given its ordinary meaning, as it should be, it does not support the appellants' theory, that the facts in this case raised any issue of discovered peril in their behalf. Moore v. Chesapeake & Ohio Ry. Co., 4 Cir., 184 F.2d 176; Blasdell v. Port Terminal R. Ass'n, Tex.Civ.App., 227 S.W.2d 248.

■ It follows, from the facts just recited and the cited authorities applying thereto, that in this instance the evidence wholly failed to raise the issue that the fireman, or any other train operator, saw and realized the peril of the occupants of the Buxkempers' car in time to have averted the injury. The two quoted counterpoints of the appellee here are further supported by the undisputed testimony, largely that of the appellant, Mr. Emil. Buxkemper, himself, that there is a complete absence of any testimony here that the train operatives realized that Mr. Buxkemper would not, or could not, extricate himself from the position he was in at the time of the happening of this accident, if he were at that time in peril. The uncontroverted facts were shown to be that the automobile had been stopped just before reaching the railroad track and that while the body of the car itself had not reached the track, it had gotten close enough to and was struck by the "overhang" of the train, that is, the distance the engine of the train extended beyond the rail underneath it; but here also, Mr. Buxkemper's own testimony shows that he failed to make out any case of discovered peril upon that feature. This because his own testimony shows that he had stopped his automobile within that reachable distance of the "overhang" of the train and that when the train approached —and he was looking at it and trying to avoid it—he realized his peril and tried to extricate himself therefrom by backing his car. Upon that critical feature he testified: "Q. Now, then, did you try to get out of the way, Mr. Buxkemper? A. Well, I threw it in reverse but the car was dead. It wouldn't start so I couldn't get away. * * * Q. And did you try to get out of the car before the train hit you? A. No, sir, I was trying to back it up. It was dead and I could not. I didn't get out. I was trying to back it out and it was dead, so I couldn't get away." In other words, he lost his own "last clear chance", not from any negligence of appellee's fireman toward him, but solely because of his inability to back his car. Houston & T. C. R. Co. v. O'Donnell, 99 Tex. 636, 92 S.W. 409; Blasdell v. Port Terminal R. Assn, supra.

Finally, since there was plainly no evidence in this case that the fireman realized that appellant Buxkemper would not avail himself of the opportunity that was clearly open to him of preventing injury to himself and his wife, the trial court's judgment so holding is affirmed.

Affirmed.

CODY, J., concurs in the order affirming the judgment.