Fort Worth & Denver City Railway Company v. J. C. Shetter.

No. 943. Decided December 3, 1900.

**1. Negligence—Discovered Peril—Evidence of Defendant's Knowledge.**

See case of plaintiff attempting to cross the track in rear of a freight train and injured by sudden backing of train, held not to present the issue of negligence of defendant after discovering plaintiff's negligence and peril, though plaintiff's attempt to cross the track was seen by defendant's brakeman, who knew the train was about to be backed but testified that he did not know plaintiff was about to cross till too late to warn him. (Pp. 197-200.)

**2. Same.**

There must be evidence to show knowledge by defendant of plaintiff's perilous position (not mere lack of care to discover it) in order to justify the submission of negligence after discovery of plaintiff's peril as a ground for recovery in spite of contributory negligence. (P. 199.)

**3. Same—Anticipating Negligence.**

One person is not bound to anticipate negligent conduct on the part of another. (Pp. 199, 200.)

Certificate of dissent from the Court of Civil Appeals for the Second District, in an appeal from Clay County.

Shetter sued the railway company and recovered. On defendant's appeal the judgment was reversed. Hunter, J., dissenting, and the point of dissent, pending a motion for rehearing, was certified to the Supreme Court.

*Stanley, Spoonts & Thompson* and *Robert Harrison,* for appellant.—The court erred in giving the special charge requested by plaintiff, submitting to the jury the doctrine of the right of the plaintiff to recover even if guilty of contributory negligence, if defendant's employes saw his danger, because: (a) The proof showed conclusively that the de-

fendant's employes did not discover plaintiff's peril in time to avoid injuring him and they had no such actual knowledge of his danger, and the said charge submitted to the jury an issue not raised by the evidence; (b) said charge incorrectly states the law, even if the issue of discovered peril had been in the case, on the testimony and pleading.

All the evidence shows that the plaintiff stepped suddenly on the track, immediately in front of the train and was instantly struck and knocked down, and there is absolutely no evidence to support the issue that his danger was discovered in time to avoid the injury; and the issue of discovered peril has no place in this case.

*Barrett & Barrett, J. A. Templeton,* and *L. A. Carleton,* for appellee, cited: Irvin v. Railway, 42 S. W. Rep., 661; Sanchez v. Railway, 30 S. W. Rep., 431; Railway v. Lankford, 31 S. W. Rep., 355; Railway v. Weisen, 65 Texas, 447; Railway v. Harvin, 54 S. W. Rep., 629; Railway v. Smith, 62 Texas, 252.

WILLIAMS, Associate Justice.—The Court of Civil Appeals for the Second District reversed the judgment of the District Court and remanded the cause for a new trial, one of the justices dissenting from the decision of the majority, and upon motion for rehearing, the point upon which the disagreement arose has been certified to this court for decision; and the question submitted is, "whether or not there was any evidence tending to show negligence on the part of appellant after discovering appellee's danger, so as to warrant the submission of that issue to the jury, as will more fully appear in the majority and dissenting opinions."

The two opinions and the transcript have been sent up, and we have carefully examined the statement of facts and have found no circumstances affecting the question besides those appearing in the opinions. The facts are these: A freight train of appellant, traveling eastward, arrived at its station at Bellevue, where there is a siding south of the main track and connected with it, east and west of the depot, by two switches. In order to allow a passenger train following it to pass, the freight train was moved beyond the east switch and backed through it onto the siding and pushed some cars, which were standing there, back to a point near the western switch, and here the train was stopped with the engine and some of the forward cars extending through the eastern switch onto the main track. While the train thus stood, plaintiff walked along the trail from his home north of the track to a point near the rear end of the train, intending to cross the road and go to the postoffice south of it. When he reached the track, finding the train in the way, he stopped for some twenty minutes talking with the brakeman who stood near the rear cars. During this time the passenger train came in upon the main track to the station, and in order to permit it to proceed eastward, it became necessary that the freight train be backed westward so that the rear cars should stand upon the main track. The brakeman

left plaintiff and went west forty or fifty steps to the switch, which he threw, and gave the proper signal for the train to back. Plaintiff had, in the meantime, walked eastward for a short distance and looked forward to see if there was an opening to allow him to pass, and seeing none, turned and walked back to the rear end of the freight train in order to pass behind it, not knowing of the intended movement. When he reached the end, he paused and looked back and listened to learn if the train was moving, and, finding it still, he stepped with one foot inside the rail, and as he was lifting the other for another step, the train moved and the end of the car struck and knocked him down. The brakeman at the switch saw plaintiff as he walked back and saw him stop just before stepping upon the track, but swore that he did not know plaintiff intended to cross, plaintiff not having informed him of his purpose. The trail in which plaintiff approached the track to the point where he first encountered the brakeman ran from about that point eastward between the main and side tracks, crossing the latter some distance away, and at the point where plaintiff finally stepped upon the track there was no crossing of any kind, and just south of the side track there was a fence which plaintiff would have had to climb after crossing the track. There is some evidence, however, that people sometimes crossed the track in this way, but none that those employes knew of the fact. As plaintiff stepped upon the track and was struck, the brakeman gave a warning cry which plaintiff did not distinctly hear, catching only the word "train." The evidence necessitates the conclusion that this was done as soon as it could have been done after plaintiff stepped upon the track, but too late to save plaintiff had he understood it. The undisputed evidence shows that after this everything in the power of the trainmen was done to prevent the injury. The evidence also shows that the conductor saw plaintiff between the two tracks, but he was a considerable distance off, and there are no circumstances to charge him with knowledge of plaintiff's danger.

The charge of the court submitted the questions of negligence on the part of the defendant and of contributory negligence on the part of plaintiff, and then instructed the jury as follows: "If the jury believe from the evidence that at the time or just before plaintiff was injured, if he was injured, the defendant receiver controlling the movements of the train, its agents, or servants, knew of plaintiff's danger and negligence, if he was negligent and in danger, they were bound to use such care as an ordinarily prudent person would have used under like circumstances to avoid injuring the plaintiff after they discovered his peril and danger, and if they failed to use such care and the plaintiff was injured by reason of such failure to use such care, the defendant would be liable, and in case you so find, you will find for plaintiff, although you may believe plaintiff was guilty of contributory negligence."

We agree with the majority of the Court of Civil Appeals in the opinion that the evidence did not justify the submission of this issue. To apply the instruction given, the jury must have assumed that the

plaintiff had been guilty of contributory negligence which would preclude him from recovering for any conduct of defendant's employes, except that specified in the charge, occurring after they had discovered his "negligence and danger." The evidence, in our judgment, does not tend to show any omission on their part after making such discovery. Plaintiff was guilty of no negligence and was in no danger until he placed himself in the way of the cars, if that was negligence, and there is no pretense that anything was omitted by the trainmen after that fact occurred.

The appellee's contention seems to be based upon the proposition that the evidence tended to show that the brakeman knew that plaintiff was about to go upon the track and was therefore in danger, and that the brakeman might have stopped plaintiff by a timely warning or have countermanded the signal for the movement of the train. But the brakeman swears that he did not know plaintiff was about to cross the track until he went upon it. If it be said that the jury could properly have disregarded this statement and have found that he did know the fact of which he denied knowledge, the answer is that there must have been evidence upon which to base such a finding. If circumstances were shown from which the brakeman ought to have acquired knowledge of the fact in question, it may be that a question of fact would have been raised for the decision of the jury. But it must be borne in mind that upon this issue the question is, was it known to the brakeman before plaintiff went upon the track, not simply that he desired to cross it, but that he would do so where his act would be negligent and expose him to danger? In other words, the brakeman must have known that plaintiff was in danger because he was about to do a negligent and dangerous act. We think it well settled that one person is not bound to anticipate negligent conduct on the part of another, and therefore that a jury would not be justified in finding that the brakeman, before he saw plaintiff actually in danger, knew that he was negligently going into danger.

That the knowledge of the brakeman must have been such as we have defined is true, because the rule under discussion applies only where the plaintiff has been guilty of negligence and therefore only charges defendant with liability, if, after discovery of the danger to which such negligence has exposed the plaintiff, it fails to exercise due diligence to avoid injury. It does not impose any liability because of mere failure to exercise care to discover the peril. Railway v. Breadow, 90 Texas, 27; Railway v. Staggs, 90 Texas, 458.

A person walking negligently along a railroad track in front of a moving train will surely be hurt unless the train stops or he gets out of its way. In a sense he may be said to be in danger, but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when they have realized that he can not or will not get out of the way that the duty of averting a collision arises. Certainly it is at least equally true that train-

men are not bound to assume that a person not on the track will get on it, where it would be negligent and dangerous for him to do so, and, as they would not be bound to assume it, a jury could not properly find that they knew it would be done, in the absence of proof of knowledge.

We answer the question certified in the negative.