## J. C. Shetter v. Fort Worth & Denver City Railway Company.

Decided November 29, 1902.

1.—Contributory Negligence—Discovered Peril.

Evidence held to warrant a finding that plaintiff was guilty of contributory negligence in attempting to cross a switch track at the rear end of a train thereon ready to be moved, and not to warrant a charge on discovered peril. (The facts will be found fully stated in Railway v. Shetter, 94 Texas, 196.)

2.—Argument of Counsel—Harmless Error.

Improper remarks of counsel to the jury will not constitute ground for reversal where the verdict is fully warranted by the fact, and probably no harm was occasioned thereby.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*L. C. Barrett, J. A. Templeton, Jas. F. Carter,* and *L. A. Carleton,* for appellant.

*Stanley, Spoonts & Thompson,* for appellee.

HUNTER, Associate Justice.—The facts on this appeal seem to be substantially the same as they were on the last former appeal (58 Southwestern Reporter, 179; Supreme Court decision, 94 Texas, 196, 59 Southwestern Reporter, 533), and the real question of law involved, as we understand it, being whether they were such as required of the court a charge upon discovered negligence, such charge being asked by appellant and refused. Upon this issue the trial court, as it should have done, followed the decision of our Supreme Court in this case, rendered upon certificate of dissent, and we find no error in such action, though the writer is still of opinion that the evidence required a charge on discovered negligence, and yields now only to the higher authority lodged by the Constitution in our Supreme Court.

The evidence warranted the jury in finding that the appellee was not guilty of culpable negligence, or if it was that the appellant was guilty of contributory negligence, and in support of the verdict we find accordingly.

We feel constrained to say that the argument and remarks of one of appellee's attorneys on the trial in the district court were improper, and were not such as usually characterize the conduct of that distinguished advocate; yet, as we think the verdict was clearly warranted by the facts so far as the issues were submitted to the jury, we have reached the conclusion that probably no harm was occasioned thereby, and finding no reversible error in the proceedings the judgment is affirmed.

*Affirmed.*

Writ of error refused.