CHARLES A. BRACKEN *vs.* WILLARD CURTISS.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS AND JOHN RUFUS BOOTH, Js.

574

Argued January 15th—decided March 2d, 1929.

*George Dimenstein*, with whom, on the brief, was *Justus J. Fennel*, for the appellant (plaintiff).

*J. Kenneth Bradley*, for the appellee (defendant).

BANKS, J.   The defendant, driving south on Southfield Avenue, in Stamford, came into collision with the car of the plaintiff at the intersection of a private driveway with Southfield Avenue.   The driveway approaches in an upgrade curve and enters the highway from the east at an angle in a northwesterly direction. On the north side of the driveway is an embankment five or six feet high covered with trees and shrubbery cutting off any view of traffic approaching on the highway from the north.   On the easterly side of the highway are single trolley tracks, the easterly rail of which is within a foot of the easterly bank of the highway.

About opposite the driveway there was a washout of sand and gravel which extended from the westerly side of the highway to about its center. The plaintiff was coming out of the driveway in second gear at a speed of about ten miles an hour and had reached or just passed the easterly trolley rail when he saw the defendant's car approaching from the north at a speed of between thirty and forty miles an hour. He immediately applied his brakes and had brought his car to a stop, or nearly so, when the collision occurred. Immediately prior to the collision the defendant swung his car to the right in an attempt to avoid the collision. Neither driver gave any signal of his approach. The cars collided on the highway before the plaintiff's car had completely cleared the driveway and as he was about to proceed in a northerly direction.

The court reached the conclusion that both drivers were negligent and that the defendant did not have the last clear chance to avoid the collision. The plaintiff contends that the subordinate facts do not support the conclusion that he was negligent. It is found that the plaintiff was thoroughly familiar with the surrounding conditions and the danger inherent in the situation. He was driving out of a blind driveway from which his vision of traffic coming from the north upon the highway was entirely shut off, which traffic he might reasonably expect might be proceeding on the easterly side of the highway because of the poor condition of the westerly side at the point opposite the driveway, and to which traffic he was bound to yield the right of way. Whether under these conditions his conduct in coming out of the driveway across the line of traffic in the highway without giving any signal, and before assuring himself that he could safely do so, was the conduct of a reasonably prudent man was a ques-

tion of fact for the trier whose conclusion we cannot disturb on appeal.

In support of his further contention that the defendant had the last clear chance to avoid the collision, the plaintiff seeks a correction of the finding to the effect that the defendant, after he saw the plaintiff's car, had sufficient opportunity to stop or turn to the right and thus avoid a collision, but that he wilfully continued straight on in reliance upon his right of way. The plaintiff relies upon the testimony of the defendant's wife, who was a passenger in her husband's car, to the effect that when she first saw plaintiff's car it was some distance away, and her husband had plenty of time to stop but kept on because he had the right of way. She also testified that when she first saw the plaintiff's car it was not on the highway but was still in the driveway. Assuming then that it was undisputed that, when the defendant saw or should have seen the plaintiff's car, it was at such a distance that the defendant had an opportunity to stop or turn and avoid a collision, this does not bring the case within the last-clear-chance doctrine, since the plaintiff's car was not at that time within the zone of danger, not yet having come out from the driveway upon the highway, and the defendant was not then chargeable with knowledge that the plaintiff would come into a position of peril. The defendant at that time had the right to assume that the plaintiff would yield him the right of way and would permit him to pass before driving out upon the highway. Unquestionably the defendant was negligent, as the court has found, in driving at a speed of thirty to forty miles an hour, on his left side of the road, past this blind driveway with the location and use of which the court has found he was familiar. At that speed he was traveling between fifty and sixty feet a second. If, as the court has

found, he could first have seen the plaintiff's car when it was sixty to eighty feet away, he had only a little over a second of time in which to take action to avoid a collision. He did swing his car to the right, but its rear end struck the plaintiff's car. It seems clear that the trial court was justified in its conclusion that the defendant did not have an opportunity to avoid a collision after he saw or should have seen the plaintiff within the zone of danger.

There is no error.

In this opinion the other judges concurred.