GERALD SKELTON *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 5th—decided July 12th, 1935.

*T. Holmes Bracken,* with whom, on the brief, was *Maxwell H. Goldstein,* for the appellant (plaintiff).

*Edwin H. Hall,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellee (defendant).

PER CURIAM. The plaintiff, a minor of the age of six, was run into by a trolley car of the defendant. His home was on the top floor of a three-family house on the south side of Thomas Street in West Haven. The street runs east and west, is thirty-five feet wide, with double trolley tracks in the middle. The boy was playing in a vacant lot upon the north side of the street when his father, standing in a window of his home from which he could see the boy, called to him to come home. The father heard a trolley car coming from the east and told the boy to wait until it had passed. Then, not seeing the trolley car involved in the accident, which was coming from the west in plain view, he told the boy to cross the street. The boy stepped from the curb and started to run. When he had reached the southerly rail of the eastbound track he was struck by the car and suffered the injuries

which are the basis of this action. The car was proceeding at a rate of speed of between fifteen and twenty miles per hour and at that speed could be stopped within a distance of seventy feet. When the motorman first caught sight of the boy he had started to run and he continued running until struck by the car. In.addition to these facts, which are not disputed upon the appeal, the trial court has found that, as soon as the motorman saw the boy, he applied his emergency brake and did everything possible to bring the car to a stop, but the distance was too short to enable him to avoid running into the boy. The trial court concluded that the plaintiff had failed to prove that the defendant was negligent.

The contention of the plaintiff that the defendant was negligent in not stopping the car before it struck him rests upon the fact that the motorman of the car himself testified that the boy was one hundred feet away when he first saw him. But the witness, in answer to a question from the court, stated that this distance was an estimate; and it was for the trial court to determine how much weight should be given to the statement. The trial court gave more weight to the motorman's testimony that, as soon as he saw the boy starting to run, he applied his emergency brake but, although the car could be stopped in seventy feet, it went on until it struck the boy. Neither upon the motorman's direct testimony as to the distance the boy was away when he first saw him nor the other testimony he gave as to the position of the car at that time, can we add to the finding, as claimed by the plaintiff, a statement that the boy was then between one hundred and one hundred and twenty feet away. The finding that the motorman did everything he could to stop the car but could not avoid the accident must therefore stand, and with it the conclusion of the trial

court that the defendant was not negligent. If the doctrine of the last clear chance had any place in the case, it could not avail the plaintiff in view of this finding, because it negatives the condition necessary to the application of the doctrine that, after the motorman became or should have become aware of the danger to the boy, he could have, in the exercise of reasonable care, prevented the accident. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Correnti* v. *Catino,* 115 Conn. 213, 216, 160 Atl. 892.

There is no error.