MORRIS CAPLAN *vs.* HAROLD ARNDT ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 9th, 1937—decided January 5th, 1938.

*Alexander Winnick,* with whom was *Max H. Schwartz,* for the appellant (plaintiff).

*Charles A. Watrous, John B. Grant* and *J. Stephen Knight,* submitted the case of the appellees (defendants) on brief.

JENNINGS, J. The plaintiff, a pedestrian, was struck by a light truck owned by the named defendant and driven by the other defendant, Kleber, as his agent, while the plaintiff was crossing Dixwell Avenue in New Haven. The plaintiff, in his appeal, seeks to secure numerous corrections in the finding. These corrections, if granted, would result in a finding which would not support the conclusions of the trial court.

There were only two witnesses of the accident, the plaintiff and Kleber. A comparison of their testimony with the facts found discloses that the court did not accept that of either in its entirety. This was its right. *Shupack* v. *Gordon,* 79 Conn. 298, 302, 64 Atl. 740; *Roberti* v. *Barbieri,* 105 Conn. 539, 542, 136 Atl. 85. It apparently took that part of the testimony of each which most closely conformed to the probabilities of the situation, the circumstantial evidence, such as marks on the highway, and such testimony as was available as to the conditions existing and made its finding accordingly. Considering the testimony and exhibits as a whole, no material fact was found without evidence nor was any material undisputed fact omitted. The brief of the defendants contained a careful tabulation of the corrections sought with references to relevant pages of the record. This method has received the approval of this court and

made the task of passing on the corrections of the finding much easier than it would have been without this assistance. No corrections in the finding which will benefit the plaintiff can be made.

The plaintiff, wearing dark clothing, walked north on the west side of Dixwell Avenue which is fifty-one feet wide. He saw the lights of a car approaching from the north. He started to cross Dixwell Avenue at a point about ten feet south of the south line marking the southerly crosswalk at the intersection of West Division Street and Dixwell Avenue and did not again look to the north. He was carrying a small dog on his left shoulder. He continued to advance at a slow walk until he was struck. It was dark and the intersection was poorly lighted.

Kleber, as agent of Arndt, was driving the latter's small truck, equipped with lighted standard headlights, south on Dixwell Avenue on the most westerly of the four trolley rails at a speed under thirty miles per hour. When he was about thirty feet from the plaintiff, he saw the latter directly in front of him. He immediately applied his brakes and after proceeding a few feet turned his truck sharply to the left to avoid the plaintiff. In the meantime the plaintiff had continued to walk across the street and when he had reached a point between the two sets of trolley tracks his right foot, as he extended it forward in taking a step, was run over by the right front wheel of the truck. When the truck stopped between the rails of the northbound track, the plaintiff was lying opposite the right-hand door of the truck. Brake marks made by the truck began at about the center of the southerly crosswalk on the most westerly rail and extended for twenty-seven feet to the point where the truck stopped.

The plaintiff claimed that the defendant was guilty

of wanton misconduct but there is nothing in the finding to support this claim. The court reached the conclusion that the plaintiff was guilty of contributory negligence which was a substantial factor in causing his injuries. This was a question of fact. *Russell* v. *Vergason,* 95 Conn. 431, 436, 111 Atl. 625; *Woodhull* v. *Connecticut Co.,* 100 Conn. 361, 365, 124 Atl. 42; *Perry* v. *Haritos,* 100 Conn. 476, 480, 124 Atl. 44; *Puza* v. *Hamway,* 123 Conn. 205, 211, 193 Atl. 776. The court was not in error in reaching this conclusion on the facts found.

The plaintiff's principal claim in oral argument was that judgment should have been rendered in his favor on the basis of the last clear chance doctrine. The conditions under which that doctrine applies are well established. They are: " '(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.' *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Correnti* v. *Catino,* 115 Conn. 213, 217, 160 Atl. 892. In the *Correnti* case we said (p. 225): 'Where both the pedestrian and the driver of the automobile proceed in their course to the moment of collision and the former does not come into the position of peril from the automobile until substantially the instant he is hit, the doctrine can have no place in the case.' " *Middletown Trust Co.* v. *Armour & Co.,* 122 Conn. 615, 617, 618, 91 Atl. 532. The burden of proof is on the plaintiff. *Rix* v. *Stone,*

115 Conn. 658, 662, 163 Atl. 268.  The first two conditions must be met by the plaintiff before the application of the doctrine is considered.  If these are proved, whether the plaintiff can recover thereunder depends upon the determination of the last two.  With reference to the application of the doctrine, we pointed out in *Wilson* v. *Dunbar*, 120 Conn. 255, 257, 180 Atl. 296, that where there are facts from which it could be inferred that the pedestrian was in the path of the car a sufficient length of time to enable the driver to stop or avoid him in the exercise of reasonable care, the question as to whether the driver exercised that care should be considered.  Whether or not the driver did exercise that care is still a question of fact on which the decision of the trier of the facts is, under ordinary circumstances, final.  *Curtis* v. *Bristol & Plainville Electric Co.*, 102 Conn. 238, 242, 128 Atl. 517.  The court was not in error in applying the doctrine in this case.

The court concluded that the plaintiff had proved neither of the last two conditions.  The poor lighting, the dark clothes of the plaintiff and the fact that he was crossing at a place other than the regular crosswalk, support the conclusion that Kleber was not negligent in failing to observe the peril of the plaintiff until he was thirty feet away.  *Curtis* v. *Bristol & Plainville Electric Co.*, supra.  The court concluded as to the last condition that "after the defendant Kleber observed that the plaintiff was in danger or in the exercise of reasonable care should have observed that the plaintiff was in danger he, the defendant Kleber, had no opportunity by the exercise of reasonable care to avoid the collision."  The negligence in this connection must have consisted in the failure of Kleber to stop before striking the plaintiff or in his failure to turn to the right or a little further to the left.  As to

his failure to stop, the length and character of the truck's brake marks justified the inference that he applied the brakes as hard and as soon as could reasonably be expected under the circumstances. *Kerr* v. *Connecticut Co.,* 107 Conn. 304, 307, 310, 140 Atl. 751; *Budaj* v. *Connecticut Co.,* 108 Conn. 474, 478, 143 Atl. 527; *Bracken* v. *Curtiss,* 109 Conn. 573, 576, 145 Atl. 23; *Skelton* v. *Connecticut Co.,* 120 Conn. 689, 691, 180 Atl. 302. As to his failure to turn to the right or a little further to the left, he was faced with a sudden emergency, not of his own creation and had no way of knowing what the plaintiff would do. His decision to turn to the left proved, by the event, to be an error of judgment. It does not follow that the finding of the trial court was erroneous. In *Porto* v. *Consolidated Motor Lines, Inc.,* 117 Conn. 681, 682, 169 Atl. 48, we held that the error of judgment of the defendant in failing to turn a little further to the left and thus avoid a collision with the plaintiff's truck was not negligence as a matter of law. See also *Bracken* v. *Curtiss,* supra; *Paskewicz* v. *Hickey,* 111 Conn. 219, 224, 149 Atl. 671. The plaintiff discusses various other claims of negligence but they are irrelevant in view of the conclusion reached.

There is no error.

In this opinion the other judges concurred.