KATHRYN DOOLAN, ADMINISTRATRIX (ESTATE OF JOHN S. DOOLAN) *v.* HAROLD R. WERNER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 6—decided November 10, 1943.

*Michael V. Blansfield* and *Harry M. Albert,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellee (defendant).

PER CURIAM. In this case, brought by the plaintiff to recover damages for the death of her intestate by reason of his being struck by an automobile driven by the defendant, judgment was for the latter and the plaintiff has appealed. The finding, in which no material corrections can be made, states the following facts: The decedent alighted from a bus on the north side of West Main Street in Waterbury at about 8:15 p. m. on March 1, 1941, and proceeded to cross the street. When a little beyond the middle, he slipped on a patch of ice and fell. As he was trying to get up, three cars were approaching from the west, practically in line, moving at a speed of twenty to twenty-five miles per hour and with nothing to obstruct the vision of the driver of the first. The street was fairly well illuminated. As the first car approached the decedent, the driver suddenly applied his brakes, and turned to the right to avoid him. The driver of the second car, the front of which was about twenty feet from the rear of the first, almost collided with it, but avoided it by turning sharply to the left, and passed to the left of the decedent. He was then in a squatting position. The car either grazed or narrowly missed him and he fell over backward into an outstretched position. The front of the defendant's car, the third in line, was between twenty and twenty-five feet from the rear of the second. The defendant saw the quick divergent movements of the two cars ahead but did not know the reason, although he sensed the possibility of something unusual. He applied his brakes to slow his car rather than to stop it and turned slightly to the right to pass

the second car. He did not see the decedent, and his car struck him. His lights were on the low beam and his brakes in good condition. The hood of the car was high and prevented its driver from seeing objects on the highway ahead of and close to it.

The trial court concluded that the defendant was maintaining a proper lookout and proper control of his car, that its speed was reasonable and that he was not negligent. The plaintiff's argument, based upon the distance between the defendant's car and the decedent when the first car turned, is not convincing; the trial court could well have considered that the defendant was not in a position to see the decedent until the car just ahead of him had turned out of his line of vision, and that at that time the decedent, stretched out upon the road, was concealed by the hood of the defendant's car. That car was, so far as appears, of a standard make, and the defendant could hardly have been found in the wrong in driving it. The doctrine of the last clear chance applies only where, after the defendant has become or should become aware that the plaintiff is in a position of peril and that he either reasonably cannot escape or apparently will not do so, the defendant has the opportunity, by the exercise of reasonable care, to avoid injury to him and fails to exercise that care. *Caplan* v. *Arndt*, 123 Conn. 585, 588, 196 Atl. 631. No facts are found, nor can we add any facts to the finding, which would make the doctrine applicable in this case. The trial court could reasonably reach the conclusions it did.

There is no error.