### BLASDELL et al. v. PORT TERMINAL R. ASS'N.

### No. 12161.

Court of Civil Appeals of Texas. Galveston.

Jan. 19, 1950.

Rehearing Denied March 9, 1950.

Combs, Brown & Brock, Houston, and John P. Forney, Jr., Houston, of counsel, for appellants.

Vinson, Elkins, Weems & Francis and M. C. Chiles, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants, W. C. Blasdell and V. A. Petrie, for the

recovery from appellee, Port Terminal Railroad Association, of damages for personal injuries and damages to appellant Blasdell's automobile alleged to have been sustained as a result of the negligence of employees of appellee in the operation of its train, which caused a collision between the automobile being driven by Blasdell and appellee's locomotive at the Federal Highway crossing of the Port Terminal railway tracks on the North Side of Buffalo Bayou in the City of Houston.

Appellee alleged that on the occasion in question appellants had failed to use that degree of care that a person of ordinary prudence would have used under similar circumstances and that such failure proximately caused the injuries and damages complained of.

In answer to special issues submitted, the jury found in substance that the engineer operating appellee's train blew the whistle and rang the bell on said locomotive as it approached the crossing within a reasonable distance therefrom and that he kept a proper lookout for persons who might be reasonably expected to be traveling on said highway. It found that said train was not being operated at a greater rate of speed than a reasonably prudent person whould have operated it and that said employees did not fail to keep the engine under proper control. The jury also found that appellant William C. Blasdell had failed to keep a proper lookout for trains using said crossing, and that appellant William C. Blasdell had failed to have his automobile under proper control; and that such failure was the proximate cause of the collision in question.

Judgment was rendered that appellants take nothing by their suit and that appellee recover all costs by it expended.

█ Appellants rely for reversal largely on their first eight points of assigned error, in which they complain of the refusal of the trial court to submit their seven requested issues on discovered peril, and, since the rule is well established by the courts of this State that a jury finding for plaintiff on issues of discovered peril renders issues of primary and contributory negligence immaterial, Dallas Ry. & Ter-

minal Co. v. Bankston, Supreme Court, 51 S.W.2d 304, and authorities cited, the question as to whether the trial court erred in refusing to submit these issues in the controlling issue presented in the appeal.

Appellants were on their way from their homes to the Sheffield Steel Mill, their place of employment, approximately 4 miles from their homes, at the time of the accident. Federal Highway crosses appellee's tracks, at a slight angle about half a mile from the Sheffield Steel Mill. Appellee's locomotive was moving backward on said tracks, pulling 25 empty tank cars. Its tender, which was about 33 feet long, was in front of the engine as it approached the crossing, placing the engineer's station at between 45 and 50 feet from the end of the tender.

There was some fog, but the visibility was good and objects could be seen for approximately a quarter of a mile on each side of the crossing at the time of the collision.

Federal Highway is straight for approximately a mile on each side of the crossing and the railroad tracks are on approximately the same level as the highway.

Appellants testified that they left their homes at approximately 20 minutes before 8 o'clock on the morning in question. They were due at their place of employment at 8 o'clock. The collision occurred at about 7:58 A.M. They were traveling at the rate of about 25 miles per hour as they approached the crossing.

It is undisputed that several automobiles had stopped just before reaching the railroad tracks and that appellants' automobile passed to the left-hand side of the stationary automobiles and that upon approaching the tracks it made a right-hand turn across the paved part of the highway and struck that part of the engine and tender where they were coupled. At the time the collision occurred the end of the tender had reached the middle lane of the highway over the railroad crossing. The train was moving at between 4 and 5 miles per hour.

Appellee's engineer testified that he began to sound the whistle and to ring the bell of the locomotive when he was some 800 feet from the crossing and that he

continued to do so until just before the collision. The engineer testified that "when I stopped blowing the whistle I saw this man coming at a speed that I didn't figure he would stop. I stopped blowing the whistle, shut the throttle off and then the car seemed to gain speed to me until he hit the engine. I. was busy stopping the engine and the train by putting the automatic brake valve in emergency position." He testified that at the time of the collision the bell was ringing and that the headlights on the locomotive and tender were burning.

■ It has been uniformly held by the courts of this State that where a person in possession of his faculties steps or drives immediately in front of a moving train, the approach of which is unobstructed from his view, and which could have been seen and heard by him by the use of his ordinary faculties, or by taking the necessary precautions, he is guilty of contributory negligence as a matter of law when he fails to use his ordinary faculties, and, as a result thereof, is injured. Aranda v. Texas & N. O. R. Co., Tex.Civ.App., 140 S.W.2d 236, writ dismissed, correct judgment; Galveston H. & S. A. Ry. Co. v. Price, Tex.Com.App., 240 S.W. 524; G. C. & S. F. Ry. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895; Texas & N. O. R. R. Co. v. Houston Undertaking Co., Tex.Civ.App., 218 S.W. 84.

■ Under a similar state of facts, this court held, in the case of Aranda v. Texas & N. O. R. Co., supra, that the doctrine of discovered peril did not apply unless it was shown that the agents and employees of the railway company actually discovered that appellants were in a position of peril and realized not only their danger, but that they could not or would not extricate themselves therefrom, at a time when the employees of the railroad in the exercise of ordinary care in the use of the means at hand, consistent with their safety and that of their train, could have avoided the collision. Citing Galveston, H. & H. R. Co. v. Sloman, Tex.Civ.App., 244 S.W. 268; Galveston H. & S. A. Ry. Co. v. Price, Tex.Com.App., 240 S.W. 524; Schaff v. Copass, Tex.Civ.App., 262 S.W. 234;

Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41.

In the case. of Houston & T. C. Ry. Co. v. O'Donnell, Supreme Court, 99 Tex. 636, 92 S.W. 409, 410, the questions presented were similar in all material respects to those in the case at bar, though the facts were not identical. In that case the engineer and fireman in charge of appellant's train saw a pedestrian walking on the railroad right-of-way when the train was 600 yards from the place where they struck him, but did not slacken the speed. The pedestrian. was deaf and did not hear the whistle. He stepped on the track when the train approached and was struck. In holding that the issue of discovered peril was not raised by the evidence, the Court said: "The enginemen, being ignorant of O'Donnell's deafness, were charged with no duty which would arise from the existence of that infirmity; but they had the right to treat him as a person in full possession of his senses, and, seeing him near the track, might presume that he would make proper use · of his faculties, and would get far enough away from the track to insure his own safety. They were not required to anticipate that he would be guilty of an act of negligence, either by remaining in danger, if he was so, or by putting himself in danger." Continuing, the Court said: "A person walking negligently along a railroad track in front of a moving train will surely be hurt, unless the train stops or he gets out of its way. In a sense he may be said to be in danger; but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when they have realized that he can not or will not get out of the way that the duty of averting a collision arises. Certainly it is at least equally true that trainmen are not bound to assume that a person not on the track will get on it, where it would be negligent and dangerous for him to do so".

■ While the facts in the instant case are not identical with those in the O'Donnell case, the questions presented in the two cases are similar in all material respects. Under the rule announced in the

O'Donnell case, appellee's employees in charge of the engine in this case had the right to assume that appellants would stop their car before they reached the railroad crossing and that they would not allow it to strike appellee's train, since it would be dangerous and negligent for them to do so. As stated by the Court in the O'Donnell case, the engineer in charge of appellee's train was not required to assume that appellants, who could have stopped their car before they reached the railroad track without injury to themselves, would negligently place themselves in a position of danger by driving onto said railroad tracks and colliding with appellee's train. It is equally true that a jury could not properly find that the engineer in charge of the train knew that appellant would do so in the absence of proof of knowledge.

The following authorities are in accord with the rule announced in the O'Donnell case, supra. Fort Worth & D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S.W. 533; Charbonneau v. Hupaylo, Tex.Civ.App., 100 S.W.2d 745; Texas & N. O. R. Co. v. Wagner, Tex.Civ.App., 262 S.W. 902; Thurmond v. Pepper, Tex.Civ.App., 119 S.W.2d 900; Gersdorf-Sloan Ambulance Co. v. Kenty, Tex.Civ.App., 75 S.W.2d 903.

In the late case of Thompson v. Sisti, Tex.Civ.App., 224 S.W.2d 500, 502, the San Antonio Court of Civil Appeals, under a similar state of facts, said: "We think it well settled that one is not required to anticipate that a person in a place of danger will continue in such position when apparently he is able to and probably will extricate himself therefrom. One is not required to anticipate unusual or substandard behavior and, consequently, when raised by the evidence, the element of 'probable extrication' is an essential part of a jury submission, in accordance with the discovered peril doctrine. * * *"

In the case of Texas & N. O. R. Co. v. Grace, Tex.Civ.App., 204 S.W.2d 857, 859, the Beaumont Court of Civil Appeals held that "the law touching upon the doctrine of discovered peril does not make it the duty of the operative of a train or the driver of a truck or automobile to bring his vehicle to a stop every time he discovers a person on or near the track or highway in front of him. When such an operative of a train discovers a person on or approaching the track in front of it and realizes that he is in a perilous position and further realizes that such person will not in all probability be able to extricate himself from such a perilous position, it then becomes the duty of such operative to use all means at his command, consistent with his own safety and that of his passengers and crew to avoid injury to the person in such perilous position, and his failure to use such means after such discovery and realization becomes negligence on the part of such operative. If the operator of the train or vehicle does not make such discovery and achieve such realization in time to avoid the injury, the doctrine of discovered peril does not apply. Gulf C. & S. F. R. Co. v. Phillips et al., Tex.Civ.App., 183 S.W. 806; Parks v. Airline Motor Coaches, Inc., Tex.Sup.Ct. [145 Tex. 44], 193 S.W.2d 967, and cases cited therein."

In the case of Missouri-Kansas-Texas Ry. Co. v. Cunningham, 118 Tex. 607, 23 S.W.2d 343, 352, it is held that: "In order that the issue of discovered peril may be raised, it is necessary to adduce evidence tending to show, first, that the deceased was in a position of peril, or would in reasonable probability enter a perilous situation; second, that he could not, or would not, in all probability, extricate himself from the dangerous situation; third, that after seeing the perilous situation of the deceased and realizing that he probably would not extricate himself therefrom, the operatives of the train fail to exercise ordinary care in the use of all the means at their command to avoid the collision; fourth, that, as a result of such failure, the deceased was injured."

Decisions from other jurisdictions dealing with the submission of special issues involving the doctrine of discovered peril, with few exceptions, follow substantially the same line of reasoning adopted by the courts of this State.

In the case of Caplan v. Arndt, 123 Conn. 585, 196 A. 631, 633, 119 A.L.R.

1037, the Supreme Court of Connecticut held that before liability attaches under the doctrine of discovered peril, the injuring party must not only realize the perilous position of the injured party, but must also be aware of the fact that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so.

In the case of Fort Worth & D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S.W. 533, 535, the Supreme Court, speaking through Justice Williams, said: "A person walking negligently along a railroad tract in front of a moving train will surely be hurt unless the train stops, or he gets out of its way. In a sense he may be said to be in danger, but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when they have realized that he cannot or will not get out of the way that the duty of averting a collision arises."

In the instant case the trial court who heard the testimony from the various witnesses in refusing to submit the issue of discovered peril, correctly held, we think, that there was not sufficient evidence that the engineer in charge of appellee's train realized that appellants would not avail themselves of the opportunity open to them of preventing injury to themselves by stopping their car.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.