102 So.2d 645 (1958)
Lucille Beall PARKER, as Administratrix of the Estate of Albert William Parker, Sr., Deceased, Appellant,
v.
PERFECTION COOPERATIVE DAIRIES, a Florida corporation, and Rufus E. Sullivan and Emery W. Ryan, Appellees.
Albert William PARKER, Jr., by his next friend, Lucille Beall Parker, Appellant,
v.
PERFECTION COOPERATIVE DAIRIES, a Florida corporation, and Rufus E. Sullivan and Emery W. Ryan, Appellees.
Nos. 271, 272.
District Court of Appeal of Florida. Second District.
February 5, 1958.
Rehearings Denied May 26, 1958.
Smith & Tipton, S. Victor Tipton, Orlando, for appellants.
Maguire, Voorhis & Wells, Alton G. Pitts, Orlando, for appellees.
ALLEN, Acting Chief Judge.
This is an appeal from a final judgment entered in two actions at law for negligence, which were consolidated for trial below. The actions arose out of a collision between a car driven by Albert William Parker, Jr., and a truck owned by the defendant dairy, and driven or controlled by defendant Ryan. Ryan was helping defendant Sullivan, an employee of defendant dairy, make deliveries on Sullivan's milk route. There was a jury verdict of not guilty. Plaintiffs appeal, the parties being referred to herein as they stood before the trial court.
The appellants' first question involves the court's ruling, over the objection of the *646 plaintiffs, which allowed testimony that the father of the driver of the automobile paid a $10 fine to the municipal court of the City of Winter Park, Florida, arising out of a charge of excessive speed made against Albert William Parker, Jr., one of the plaintiffs below.
There was introduced in evidence an ordinance of the City of Winter Park, which provided that a speed in excess of 25 miles per hour would be prima facie evidence of reckless driving. The testimony which was objected to by the plaintiff below, was apparently introduced as an admission that the plaintiff-driver was exceeding the speed limit at the time of the collision. The driver Albert William Parker, Jr., admitted at the trial that he was exceeding the speed limit, so if there was error in the admission of the testimony, it was harmless error. Pensacola & A.R. Co. v. Anderson, 26 Fla. 425, 8 So. 127.
The plaintiffs also complained of the refusal of the lower court to permit a member of the Orlando Police Department to testify as to the probable speed or category of speed of the Parker automobile just prior to the involved collision, basing his opinion on his experience and on certain facts stated in the question.
We are familiar with the opinion of the Supreme Court in the case of Kerr v. Caraway, Fla. 1955, 78 So.2d 571, 572, to the effect that a police officer qualified as an expert relative to stopping distances and skid marks, etc. The trial court has the burden of determining whether or not the purported expert has the experience, training, etc. to testify as an expert, and in addition thereto, whether there are sufficient known facts from which the expert in question would be able to give an opinion that would assist the jury in its determination of the questions involved in the case. It has been held that a trial court's determination as to whether a proposed expert witness possesses the proper qualifications is conclusive unless it appears from the record to have been clearly erroneous or founded upon error in law. Tully v. State, 69 Fla. 662, 68 So. 934; Kersey v. State, 73 Fla. 832, 74 So. 983; Bratt v. Western Air Lines, 10 Cir., 155 F.2d 850, 166 A.L.R. 1067. We are of the opinion in this case that the lower court was correct in his refusal to permit the witness to testify.
The plaintiffs also assigned as error the giving of the defendants' requested instruction No. 19 on the subject of the doctrine of last clear chance. Defendants' requested instruction No. 19, as actually given by the Judge, was as follows:
"If you find that Albert Parker was negligent in driving the car as he was, and you find that his negligence continued on to the collision, then you will not apply the doctrine of last clear chance unless you find that after Emery Ryan actually saw the car, he had a clear opportunity to avoid the collision by the use of ordinary care."
In the case of Merchants' Transp. Co. v. Daniel, 1933, 109 Fla. 496, 149 So. 401, 404, the Court said:
"The last clear chance rule is not to be confused with the doctrine of comparative negligence. The latter doctrine (comparative negligence rule) is not recognized in Florida, except in certain special cases by statute. Neither is the doctrine of last clear chance applicable where the negligence of each party is concurrent. * * * Last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or proof of circumstances which will put the one charged to implied notice of the situation. Hartley v. Lasater, 96 Wash. 407, 165 P. 106.
* * * * * *
"Defendant, had it so requested, would have been entitled to a charge that, if simultaneously with defendant's negligence the deceased had a chance *647 to escape the injury by himself exercising ordinary diligence, and did nothing to extricate himself from danger, the doctrine of `last clear chance' would not apply. This is so because in that case deceased would have been guilty of concurrent negligence, which is a form of contributory negligence that bars recovery. Emmons v. Southern Pac. Co., 97 Or. 263, 191 P. 333; Dyerson v. Union Pac. R. Co., 74 Kan. 528, 87 P. 680, 7 L.R.A.,N.S., 132, 11 Ann. Cas. 207.
"But such a charge as that just referred to would amount to a proper charge on the subject of `concurrent' negligence, and such a charge as ought to have been specially requested if defendant had desired a charge to be given on that subject as a means of informing the jury concerning the distinction between liability under the rule as to `the last clear chance,' and nonliability under the rule as to `concurrent' negligence. Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 So. 367; Turner v. State, 99 Fla. 246, 126 So. 158; Tindall v. State, 99 Fla. 1132, 128 So. 494."
The Supreme Court of Errors of Connecticut in the case of Caplan v. Arndt, 1938, 123 Conn. 585, 196 A. 631, 633, 119 A.L.R. 1037, enunciated the conditions under which the doctrine of last clear chance applies as follows:
"(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care."
The American Law Reports, Annotated, has an exhaustive annotation on the doctrine of last clear chance following the reported case. See Annotation, 119 A.L.R. 1041 (1939).
In the case of Wawner v. Sellic Stone Studio, Fla. 1954, 74 So.2d 574, 577, in an opinion by Mr. Justice Drew, the Court said:
"But many cases present close fact situations not so easily solved. This is particularly true where both parties are in motion. In these instances it is often difficult to determine whether the conduct of a plaintiff was of a nature sufficient to put the motorist on notice of a situation of peril imminent to the plaintiff which the plaintiff was likely not to avert. And even where the conduct of plaintiff was sufficient to impart such notice, as in the examples above mentioned, it must further appear that the motorist had that notice at a time and under circumstances when he thereafter had opportunity reasonably to avert the accident, otherwise the doctrine does not apply."
In the case now before this court, the trial judge charged the jury on the last clear chance doctrine as follows:
"In determining the liability in this case, if any exists, you are to take into consideration to the extent applicable, the doctrine of last clear chance. This doctrine recognizes that the plaintiff may have been negligent in the beginning. That is to say, may have done some act or omitted some safeguard that would have been appropriate under the circumstances, and yet allow the plaintiff to recover if the circumstances are such that after such action on the part of the plaintiff, the defendant driving the truck in this case could thereafter have avoided the accident.

*648 "The last clear chance theory of law is not to be limited to the actual knowledge on the part of Defendant Ryan as to the peril of the plaintiff which existed, but the driver Ryan may be liable if he saw or by the exercise of ordinary care could have seen the peril of Plaintiff Parker in time to have avoided the accident by the exercise of ordinary care but failed to do so."
We are of the opinion that the Court's giving of the defendants' requested instruction No. 19, taken in connection with the other charges of the Court, as above set forth, was not prejudicial to the plaintiffs.
Certain other assignments of error were made by the plaintiffs, which we have considered. We do not believe that they raise questions which warrant discussion, except to point out that the acts of the trial court attacked thereby are not of sufficient importance to constitute reversible error.
It is our opinion that the lower court should be affirmed.
Affirmed.
THORNAL and PATTISHALL, A. JJ., concur.